STUTHEIT KALIN LLC
Kyann C. Kalin (SBN 209030)
Kyann@stutheitkalin.com
308 SW First Avenue, Suite 325
Portland, OR 97204
Telephone: (971) 285-7578
Facsimile: (503) 715-5670

Attorneys for Plaintiff
MICHAEL MONACO

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| MICHAEL MONACO, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>D.A. DAVIDSON COMPANIES,<br><br>Defendant. | Case No.  5:16-cv-00332-SJO-DTB<br><br>**CLASS ACTION**<br><br>**DECLARATION OF KYANN C. KALIN IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

I, Kyann C. Kalin, hereby declare:

1.    I am an attorney at law duly licensed to practice before the courts of the

State of California and the United States District Court, Central District of

California. Unless the context indicates otherwise, I have personal knowledge of the

DECLARATION OF KYANN C. KALIN IN SUPPORT OF MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 1
Case No.  5:16-CV-00332-SJO-DTB

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

facts stated in this declaration and if called as a witness, I could and would testify competently thereto. I am an attorney at Stutheit Kalin LLC ("Stutheit Kalin"), counsel of record for Plaintiff in the above-captioned action. I make this declaration in support of the Joint Motion for Preliminary Approval of Class Action Settlement.

2.    This class action was filed on February 24, 2016. The Complaint alleges violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq., the Investigative Consumer Reporting Agencies Act, Cal. Civ. Code §§ 1786 et seq., and the Consumer Credit Reporting Agencies Act, Cal. Civ. Code §§ 1785 et seq. and California Business & Professions Code § 17200 et seq.

3.    I filed this case on behalf of Plaintiff and similarly situated individuals after my co-counsel, HKM Employment Attorneys LLP, and my firm conducted an extensive pre-filing investigation of both the facts surrounding Plaintiff Michael Monaco's application effort and the legal claims at issue.  Following filing, my co-counsel and I have diligently pursued the case, including obtaining sufficient information from D.A. Davidson to evaluate the case for settlement at mediation.

4.    Our investigation of the claims included review of all of the background forms D.A. Davidson used during the relevant time period and an analysis of

DECLARATION OF KYANN C. KALIN IN SUPPORT OF MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 2
Case No.  5:16-CV-00332-SJO-DTB

whether these forms demonstrated a willful failure to comply as defined by the FCRA.

5.      On July 29, 2016, the parties engaged in an arms' length negotiation at a mediation conducted by Marin Quinn of JAMS.  At the mediation, the parties were able to agreed to all of the material terms of the proposed settlement in this case.

6.      A true and correct copy of the background check authorization forms that Michael Monaco signed during the process of applying for a position with D.A. Davidson are attached hereto as Exhibit A.

7.      A true and correct copy of the Joint Stipulation of Class Action Settlement, which includes the [Proposed] Notice to the Class and the [Proposed] Order Preliminarily Approving the Settlement as exhibits, is attached hereto as Exhibit B.

8.      I graduated from the University of California at Berkeley School of Law (Boalt Hall) in 2000.  I have been a member of the California State Bar for over 15 years and a member of the Oregon State Bar since 2007.  From 2000 to 2008 I practiced law as an associate and contract attorney for Perkins Coie LLP in its Menlo Park, California and San Francisco, California offices where I litigated civil cases with a focus on employment litigation.  From 2008 until 2013, I was of

DECLARATION OF KYANN C. KALIN IN SUPPORT OF MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 3
Case No.  5:16-CV-00332-SJO-DTB

counsel for The Ongaro Law Firm, an employment litigation boutique located in San Francisco, California.  My practice at The Ongaro Law Firm focused primarily on defending multi-million dollar wage and hour class actions.  In the fall of 2013, I was a founding partner of Stutheit Kalin LLC, a Portland law firm focused on representing employers and employees in individual cases and class actions.

9.      I have extensive wage and hour class action experience. I have defended TrueBlue, Inc. in over a dozen wage and hour class and collective action cases across the country, including several in California.  I have also defended Kellermeyer Bergensons Services LLC in four wage and hour class actions in California.

10.      I successfully prosecuted an Oregon wage and hour class action on behalf of a class of approximately 220 employees, which resolved with payments of between $400 and $1,895 per class member. (*Travis Passmore et al. v. Duck Delivery Produce, Inc.,* Multnomah County Circuit Court Case No. 130812581). The class action settlement in that case was approved in June, 2014.

11.      I am currently counsel of record for the plaintiff in a pending wage and hour class action against Apple, Inc. and Systems Integration Solutions, Inc. which was filed in December 2014 in Alameda Superior Court ( *Xu v. SIS, Inc. et al.,* Case

No. RG14751629) but is currently proceeding in class arbitration.  My firm also represents a class of over 10,000 employees in a wage and hour class action against The Kroger Co. currently pending in King County Superior Court in Washington State (*Sue Jin Yi et. al v. The Kroger Co., et al.,* Case No. 14-2-19935-O-SEA).

12.     I successfully prosecuted a wage and hour class action in Sonoma County Superior Court on behalf of a class of approximately 60 employees, which resolved with payments averaging $8,760 per class member. (*Justin Smith, et al. v. G.C. Micro Corporation, et al.,* Superior Court of California Sonoma County, Case No. SCV255394). The class action settlement in that case was finally approved earlier this month.

13.     Based on my experience with these employment class action lawsuits, I am of the opinion that the proposed settlement with D.A Davidson Companies is fair, reasonable, adequate, and in the best interests of the Class Members in light of all known facts and circumstances, including the risk of significant delay, the risk that if this matter is litigated the class may not be certified, that it could later be decertified or that D.A. Davidson Companies could prevail on one or more of its defenses.  I have also consulted with my co-counsel at HKM Employment Attorneys

DECLARATION OF KYANN C. KALIN IN SUPPORT OF MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 5
Case No.  5:16-CV-00332-SJO-DTB

1

2

3   who have significant class action experience and they too agree that the settlement is

4   in the best interests of the class.

5        I declare under penalty of perjury under the laws of the United States that the

6   foregoing 13 paragraphs are true and correct.

7

8        Executed this 20th day of September 2016 in Portland, Oregon.

9

10                    _____/s/ Kyann C. Kalin_____

11                         Kyann C. Kalin

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   DECLARATION OF KYANN C. KALIN IN SUPPORT OF MOTION
     FOR PRELIMINARY APPROVAL OF CLASS ACTION
28   SETTLEMENT - 6
     Case No.  5:16-CV-00332-SJO-DTB

Exhibit A

**AUTHORIZATION**   By signing below, you hereby authorize, without reservation, any party or agency contacted by this organization to furnish the above-mentioned and requested information. You further authorize ongoing procurement of the above reports at any time during your employment or contract. You also agree that a fax or photocopy of this authorization with my signature be accepted as having the same authority as the original. You further authorize and request, without reservation, any present or former employer, school, law enforcement agency, financial institution, division of motor vehicles, consumer reporting agencies, or other persons or agencies having knowledge of you to furnish D.A. Davidson Companies with any and all background information in their possession regarding you, so that your employment qualifications may be evaluated.

**RELEASE**   You further release and discharge D.A. Davidson Companies and Business Information Group and all of their Subsidiaries, Affiliates, Officers, Employees, contract Personnel or Associates from any and all claims and liability arising out of any request for, or receipt of, information or records pursuant to this authorization.

**ACKNOWLEDGEMENT OF RECEIPT OF SUMMARY OF RIGHTS**   By signing below, you certify you have read and fully understand this disclosure and authorization, and all of the information you are providing is true, complete, correct and accurate, and you acknowledge that you have received the attached summary of your rights under the Fair Credit Reporting Act (15 U.S.C. 1681 et seq.).

_Michael Paul Monaco_
PRINT FULL LEGAL NAME (First, Full Middle Name, Last Name)

STREET NUMBER

_Colton_                              _CA_          _92324_
                                      STATE

SOCIAL SECURITY NUMBER                              DATE OF BIRTH

DRIVER'S LICENSE NUMBER                             ISSUING STATE

                                      _Michael Paul Monaco_
OTHER OR FORMER NAMES (Aka, maiden names, married names, surnames etc.)    NAME USED WHILE ATTENDING SCHOOL

_BS_                                  _DeVry University   03/11_
HIGHEST LEVEL OF EDUCATION             NAME OF SCHOOL & GRADUATION DATE (Mo/Yr)

_Michael Monaco_                       _4/30/15_
APPLICANT'S SIGNATURE                  DATE

**For Oregon and Washington applicants:**
Your background check will include a credit check only when it is substantially related to the job for which you are applying, such as when you will have access to the confidential financial information which is typically used in the securities industry in the regular course of business.
**For California, Minnesota Georgia or Oklahoma applicants:**
[  ] If you would like to receive a copy of the consumer report, if one is obtained, please check this box and your below-listed information will be used to notify you. If you are a California applicant, a copy of the consumer report will be sent within three (3) days of the employer's receipt of such copy. For California applicants only, if public record information about your character, general reputation, personal characteristics, and mode of living is obtained by any outside-hired consumer reporting agency, you will be supplied a copy of the public record information within seven (7) days of the employer's receipt of such information, unless you would like to waive this right. By checking this box you hereby waive your right to obtain any additional copy of the consumer report.

Scanned by CamScanner

## AUTHORIZATION FOR EMPLOYER TO ACCESS CONSUMER REPORTS

**DISCLOSURE**   By signing below, you acknowledge and understand that in connection with your application for employment with D.A. Davidson Companies or when deciding whether to modify or continue your employment (if hired), we may obtain a "consumer report" and/or an "investigative consumer report" on you from a consumer reporting agency in strict compliance with both state and federal laws. A consumer report is any communication of information by a consumer reporting agency bearing on your credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used for purposes of serving as a factor in establishing your eligibility for employment purposes.   This credit information is used as a factor in determining your eligibility for employment in the securities industry and when your position will involve contact with sensitive financial information.   An investigative report is obtained through personal interviews with individuals who may have knowledge of your character, general reputation, personal characteristics, or mode of living. The consumer reports or investigative consumer reports may contain public record information which may be requested or made on you including, but not limited to: consumer credit, criminal records, driving history records, education records, previous employment history (as appropriate), social security traces, military records, professional licensure records, drug testing, and others. You further understand that these reports may include experience information along with reasons for termination of past employment. You also acknowledge and understand that information from various federal, state, local and other agencies which contain information about your past activities will be requested. You are hereby notified that you have the right to make a timely request for a copy of the above investigative background report by providing proper identification and the payment of any legally permissible fees. You are further notified that, prior to being denied employment based in whole or in part on information obtained in the consumer report, you will be provided a copy of the report, the name, address and telephone number of the reporting agency and a description in writing of your rights under the Fair Credit Reporting Act.   The Fair Credit Reporting Act gives you specific rights in dealing with consumer reporting agencies. You will be given a summary of these rights together with this document.

**AUTHORIZATION**   By signing below, you hereby authorize, without reservation, any party or agency contacted by this organization to furnish the abovementioned and requested information. You further authorize ongoing procurement of the above mentioned information, reports and records at any time during your employment or contract. You also agree that a fax or photocopy of this authorization with your signature is accepted as having the same authority as the original. You further authorize and request, without reservation, any present or former employer, school, law enforcement agency, financial institution, division of motor vehicles, consumer reporting agencies, or other persons or agencies having knowledge of you to furnish D.A. Davidson Companies with any and all background information in their possession regarding you, so that your employment qualifications may be evaluated.

**RELEASE**   You further release and discharge D.A. Davidson Companies and Business Information Group and all of their Subsidiaries, Affiliates, Officers, Employees, contract Personnel or Associates from any and all claims and liability arising out of any request(s) for, or receipt of, information or records pursuant to this authorization.

**ACKNOWLEDGEMENT OF RECEIPT OF SUMMARY OF RIGHTS**   By signing below, you certify you have read and fully understand this disclosure and authorization, and all of the information you are providing is true, complete, correct and accurate, and you acknowledge that you have received the attached summary of your rights under the Fair Credit Reporting Act (15 U.S.C. §1681 et seq.).

PRINT FULL LEGAL NAME (First, Full Middle Name, Last Name)

STREET ADDRESS

| CITY | STATE | ZIP |
|------|-------|-----|

SOCIAL SECURITY NUMBER                                   Date of Birth

DRIVER'S LICENSE NUMBER                                   ISSUING STATE

OTHER OR FORMER NAMES (aka, maiden names, married names, surnames etc.)          NAME WHILE ATTENDING SCHOOL

HIGHEST LEVEL OF EDUCATION                              NAME OF SCHOOL & GRADUATION DATE (MM/YYYY)

APPLICANT'S SIGNATURE                                     DATE

**For Oregon and Washington applicants:**
Your background check will include a credit check only when it is substantially related to the job for which you are applying, such as when you will have access to the confidential financial information which is typically used in the securities industry in the regular course of business.
**For California, Minnesota Georgia or Oklahoma applicants:**
[ ] If you would like to receive a copy of the consumer report, if one is obtained, please check this box and read below: If you checked the applicable box and you are a California applicant, a copy of the consumer report will be sent within three (3) days of the employer receiving a copy of the consumer report. For California applicants only, if public record information about your character, general reputation, personal characteristics, and mode of living is obtained without using a consumer reporting agency, you will be supplied a copy of the public record information within seven (7) days of the employer's receipt unless you check this box. By checking this box you hereby waive your right to obtain any additional copy of the consumer report.

Exhibit B

1    *Counsel listed on the following page*

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         CENTRAL DISTRICT OF CALIFORNIA

10                                EASTERN DIVISION

11   MICHAEL MONACO, on behalf of          Case No.  5:16-cv-00332 SJO (DTB)
     himself and all others similarly situated,
12                                          **JOINT STIPULATION OF SETTLEMENT
                            Plaintiffs,     AND RELEASE BETWEEN PLAINTIFF
13                                          MICHAEL MONACO, ON BEHALF OF
     v.                                     HIMSELF AND ALL OTHERS SIMILARLY
14                                          SITUATED, AND DEFENDANT D.A.
     D.A. DAVIDSON COMPANIES,               DAVIDSON COMPANIES**
15
                            Defendant.      Complaint Filed: February 24, 2016
16                                          Trial Date: March 28, 2017

17                                          **Class Action**

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th
Floor
San Jose, CA 95113.2303
408.998.4150

Case No.  5:16-cv-00332 SJO (DTB)

1  STUTHEIT KALIN LLC
   Kyann C. Kalin (SBN 209030)
2  Kyann@stutheitkalin.com
   308 SW First Avenue, Suite 325
3  Portland, OR 97204
   Telephone: (971) 285-7578
4  Facsimile: (503) 715-5670

5  Attorneys for Plaintiff
   MICHAEL MONACO, on behalf of himself
6  and all others similarly situated

7
   BENJAMIN A. EMMERT, Bar No. 212157
8  bemmert@littler.com
   KARIN COGBILL, BAR NO. 244606
9  kcogbill@littler.com
   LITTLER MENDELSON, P.C.
10 50 W. San Fernando, 15th Floor
   San Jose, CA  95113.2303
11 Telephone:    408.998.4150
   Fax No.:      408.288.5686
12
   Attorneys for Defendant
13 D.A. DAVIDSON COMPANIES

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th
Floor
San Jose, CA  95113.2303
408.998.4150

2.          Case No.  5:16-cv-00332 SJO (DTB)

Joint Stipulation Of Settlement And Release

## I.    INTRODUCTION

1.     Subject to approval by the United States District Court for the Central District of California, Eastern Division (the "Court"), the Parties to the above-entitled law suit, "*MICHAEL MONACO, on behalf of himself and all others similarly situated, Plaintiffs, v. D.A. DAVIDSON COMPANIES, Defendant,*" Case No. 5:16-cv-00332 SJO (DTB) (the "Lawsuit") enter into this Joint Stipulation of Settlement and Release ("Stipulation of Settlement" or "Settlement").

2.     This Settlement shall be binding on Plaintiff Michael Monaco (hereinafter referred to as "Monaco" or the "Class Representative"), individually and on behalf of the class he represents (as defined in Paragraph 20  herein) (hereinafter referred to as the "Class Members" or "Settlement Class"), and Defendant D.A. Davidson Companies (hereinafter referred to as "D.A. Davidson" of "Defendant") (Class Representative and D.A. Davidson are collectively referred to as the "Parties" or singularly as a "Party") and, as applicable, all their respective present and former companies in whatever form, parent companies, subsidiaries, divisions, concepts, related or affiliated companies, shareholders, officers, directors, employees, agents, attorneys, insurers, successors and assigns, and any individual or entity which could be liable to any of the members of the Settlement Class for any of the Released Claims (as defined in Paragraph 49 herein) (hereinafter collectively referred to as the "Released Parties" or singularly as a "Released Party") subject to the terms and conditions hereof and the approval of the Court.

## II.    STIPULATION

**THE PARTIES AND THEIR RESPECTIVE COUNSEL HEREBY STIPULATE AND AGREE AS FOLLOWS:**

### A.    Counsel For Plaintiff Michael Monaco And Defendant D.A. Davidson

3.     Stutheit Kalin LLC (hereinafter referred to as "Class Counsel") has been counsel of record for the Plaintiff/Class Representative in the Lawsuit, Michael Monaco.  Littler Mendelson, PC has been counsel of record for Defendant, D.A. Davidson.  Both Class Counsel and Defendant's Counsel have extensive experience litigating class action consumer report disputes such as the Lawsuit.

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th Floor
San Jose, CA  95113.2303
408.998.4150

3.                 Case No.  5:16-cv-00332 SJO (DTB)
Joint Stipulation Of Settlement And Release

**B.      Parties Intent Of The Settlement.**

4.      It is the intention of the Parties that this Stipulation of Settlement shall constitute a full and complete settlement and release of any and all claims of the Settlement Class that arise from or are in any way related to the alleged facts and circumstances upon which the Lawsuit is based.  The Parties and the participating Class Members expressly intend by this Settlement to release all of the Released Parties from any and all claims whatsoever that have been or could have been brought in the Lawsuit.  It is the further intent of the Parties that, in exchange for Defendant's payment of the Service Enhancement Award (as defined in Paragraph 47 herein) to the Class Representative, the Class Representative will execute a general release of any and all claims as to all Released Parties arising from or relating to his association with Defendant, a copy of which is attached hereto as Exhibit "A".

**C.      Nature Of The Relief Sought In The Monaco Lawsuit And Defendants' Response.**

5.      On February 24, 2016, Class Representative filed the Lawsuit that asserts five causes of action against D.A. Davidson, four of which are alleged on a nationwide putative class basis (the first through fourth causes of action), and one which Monaco brought in his individual capacity (the fifth cause of action).  Class Representative's Complaint alleges that:

a.      First Cause of Action - Defendant allegedly violated the federal Fair Credit Reporting Act ("FCRA"), 29 U.S.C. section 1681 *et seq*. by procuring or causing to be prepared consumer reports on the Settlement Class without providing disclosures that complied with FCRA's requirements;

b.      Second Cause of Action Defendant allegedly violated California's Consumer Credit Reporting Agencies Act ("CCRAA"), California Code of Civil Procedure sections 1785 *et seq*., by procuring or causing to be prepared consumer reports on the Settlement Class without complying with the CCRAA's requirements;

c.      Third Cause of Action - Defendant allegedly violated California's Investigative Consumer Reporting Act ("ICRAA"), California Code of Civil Procedure

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th
Floor
San Jose, CA 95113.2303
408.998.4150

4.          Case No.  5:16-cv-00332 SJO (DTB)

Joint Stipulation Of Settlement And Release

1         sections 1786 *et seq.* by procuring or causing to be prepared consumer reports

2         on the Settlement Class without complying with the ICRAA's requirements;

3     d.     Fourth Cause of Action - Defendant's alleged violations of the FCRA, CCRAA,

4         and the ICRAA constituted an alleged unlawful, unfair, or fraudulent business

5         act or practice pursuant to California Business and Professions Code section

6         17200 *et seq.*; and

7     e.     Fifth Cause of Action – Defendant allegedly violated the Washington Fair

8         Credit Report act ("WFCRA"), Revised Code of Washington section 19.182 *et*

9         *seq.*, by procuring or causing to be prepared consumer reports on Monaco in

10         violation of the WFCRA.

11     6.     D.A. Davidson denies any liability or wrongdoing of any kind whatsoever

12 associated with the claims alleged in the Lawsuit, and/or any other similar lawsuit.  D.A. Davidson

13 contends it complied with applicable law relating to the matters alleged in the Lawsuit.   Furthermore,

14 Defendant contends the Lawsuit is not suitable for class treatment and also contends Monaco is not an

15 adequate class representative.

16     **D.**     **Pleadings.**

17     7.     Monaco filed the Lawsuit on February 24, 2016 in the United States District

18 Court for the Central District of California, Eastern Division.  D.A. Davidson timely filed its answer

19 to Monaco's Complaint.

20     **E.**     **Investigation And Discovery.**

21     8.     As part of the Parties Rule 26 conference, they agreed, as part of an effort to

22 determine if an informal resolution of the Lawsuit is possible, to participate in an early mediation.  In

23 an effort to ensure the mediation would be as successful as possible and to provide Plaintiff's counsel

24 with the necessary information to evaluate the claims of Class Representative and the putative class,

25 as well D.A. Davidson's defenses, Class Representative requested, and D.A. Davidson provided

26 Class Representative, information regarding: the number of putative Settlement Class members; the

27 consumer report disclosures D.A. Davidson used during the relevant time period; the job description

28 for the position Class Representative applied for; Class Representative's job application with D.A.

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th
Floor
San Jose, CA 95113.2303
408.998.4150

1   Davidson; Class Representative's consumer report authorization; and Class Representative's credit

2   report.

3   **F.      Alternative Dispute Resolution Efforts.**

4   9.      On July 29, 2016, following D.A. Davidson providing Class Representative the

5   information necessary and sufficient for Class Counsel to evaluate the strength and weaknesses of

6   Class Representative's claims, the Parties participated in mediation with the experienced and qualified

7   mediator, Martin Quinn, of JAMS.

8   **G.      Settlement.**

9   10.     On July 29, 2016, as a result of Mr. Quinn's efforts and assistance, the Parties

10  reached agreement on the terms of a settlement and agreed to fully and finally settle and resolve all

11  issues arising out of or related to the Lawsuit.

12  **H.      Class Period.**

13  11.     For the purpose of this Settlement only, the class period shall be from February

14  24, 2013 through July 29, 2016 (hereinafter referred to as the "Class Period").

15  **I.      Settlement Class.**

16  12.     For the purpose of this Settlement only, there will be one settlement class

17  defined as all current and former employees of D.A. Davidson and all applicants for employment for

18  whom D.A. Davidson requested a consumer report (hereinafter collectively referred to as the

19  "Settlement Class," the "Class Members" or a "Class Member").

20  **J.      Prerequisites for Class Certification.**

21  13.     For the purpose of this Settlement only, the Parties stipulate and agree that the

22  requisites for establishing class certification with respect to the Settlement Class have been met and

23  are met. More specifically, for settlement purposes only, the Parties stipulate and agree that:

24  a.      The Settlement Class is so numerous as to make it impracticable to join all Class

25  Members. There is an ascertainable Settlement Class.

26  b.      There are common questions of law and fact including, but not limited to, the

27  following:

28

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th
Floor
San Jose, CA 95113-2303
408.998.4150

6.      Case No.  5:16-cv-00332 SJO (DTB)

Joint Stipulation Of Settlement And Release

i.    Whether D.A. Davidson procured or caused to be prepared consumer report(s) on the Settlement Class without complying with the procedural requirements of the FCRA, CCRAA, or the ICRAA.

ii.   Whether D.A. Davidson willfully procured or caused to be prepared consumer report(s) on the Settlement Class without complying with the procedural requirements of the FCRA, CCRAA, or the ICRAA.

iii.  Whether D.A. Davidson's alleged preparing or causing to be prepared consumer report(s) on the Settlement Class violated California Business and Professions Code section 17200.

c.    The Class Representative's claims are typical of the claims of the other members of the Settlement Class with respect to the alleged improper conduct.

d.    The Class Representative and Class Counsel fairly and adequately will protect the interests of the Settlement Class.

e.    The prosecution of separate actions by individual members of the Settlement Class would create the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct.

f.    With respect to the Settlement Class, questions of law and fact common to the members of the Settlement Class predominate over any questions affecting any individual member, and a class action is superior to other available means for the fair and efficient adjudication of the controversy.

**K.    Effect Of Settlement Agreement In The Event Preliminary And/Or Final Settlement Approval Is Not Granted.**

14.    Should for whatever reason this Settlement not become final, the fact that the Parties were, as part of the settlement, willing to stipulate to class certification as set forth in Paragraph 13 (a)-(f) or to any of the other terms of this Settlement shall have no bearing on, and shall not be admissible in connection with, the issue of whether a class should be certified in a non-settlement context in the Lawsuit or in any other lawsuit whatsoever, and shall have no bearing on, and shall not be admissible in connection with, the issue of whether a class should be certified in this or any other

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th
Floor
San Jose, CA 95113.2303
408.998.4150

7.        Case No.  5:16-cv-00332 SJO (DTB)

Joint Stipulation Of Settlement And Release

lawsuit. D.A. Davidson expressly reserves its rights to oppose class certification on any and all claims and causes of action should this Settlement not become final. Further, the Parties make no concession that the Class Representative and/or the Settlement Class members' claims have merit, that Class Representative is an adequate class representative, or that Class Representative has standing to pursue the Lawsuit.

**L.      Fairness Of The Settlement.**

15.     Class Counsel conducted a thorough investigation into the facts of the Lawsuit and diligently pursued an investigation of Settlement Class members' claims against the Released Parties. Based on Class Counsel's own independent investigation and evaluation, Class Counsel is of the opinion that the Settlement with D.A. Davidson for the consideration and on the terms set forth in this Stipulation of Settlement is fair, reasonable and adequate and is in the best interest of the Settlement Class in light of all known facts and circumstances, including the risk of significant delay, defenses asserted by D.A. Davidson and numerous potential appellate issues.

**M.      Claims To Be Released By The Settlement.**

16.     It is the desire of the Parties to fully, finally and forever settle, compromise, and discharge all disputes and claims brought by the Class Representative, individually and on behalf of the Class Members, against the Released Parties arising out of or in any way whatsoever related to the Lawsuit. In order to achieve a full and complete release of Defendant and all of the other Released Parties, each Class Member acknowledges that this Stipulation of Settlement is intended to include in its effect all claims brought by the Class Representative, individually and on behalf of the Class Members, against the Released Parties arising during the Class Period related to allegations and claims stated in Monaco's Complaint. ("Released Claims").

**N.      Further Procedures.**

17.     The Parties agree to cooperate fully with each other to accomplish the terms of the Settlement and dismiss the Lawsuit, to use their best efforts to finalize the Settlement, and to use any other efforts that may become necessary by Order of the Court or otherwise to effectuate the Settlement.

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th
Floor
San Jose, CA 95113.2303
408.998.4150

8.      Case No.  5:16-cv-00332 SJO (DTB)

Joint Stipulation Of Settlement And Release

III.    **TERMS OF THE SETTLEMENT.**

18.    NOW THEREFORE, in consideration of the mutual covenants, promises and agreements set forth herein, the Parties agree that the Lawsuit and any claims, damages, or causes of action arising out of or related to the disputes which are the subject of the Lawsuit and brought by the Class Representative individually and on behalf of the Class Members against the Released Parties, be settled and compromised as between the Settlement Class and Released Parties, subject to the terms and conditions set forth in this Settlement and the approval of the Court.

A.    **The Class Period.**

19.    The Class Period shall be from February 24, 2013 through July 29, 2016.

B.    **The Settlement Class.**

20.    For the purpose of this Settlement only, there will be one settlement class defined as all current and former employees of D.A. Davidson and all applicants for employment for whom D.A. Davidson requested a consumer report during the Class Period.

C.    **Effective Date.**

21.    The settlement embodied in this Stipulation of Settlement only shall become effective (hereinafter referred to as the "Effective Date") when all of the following events have occurred: (i) this Stipulation of Settlement has been executed by Class Counsel, Class Representative, and Defendants' Counsel; (ii) the Court has given preliminary approval to the Settlement (a copy of the proposed Order Granting Preliminary Approval is attached hereto as Exhibit B); (iii) notice has been given to the members of the Settlement Class, providing them with an opportunity to opt out of the Settlement (a copy of the proposed Notice is attached hereto as Exhibit C); (iv) the Court has held a final approval hearing and entered an order certifying the Settlement Class and approving this Stipulation of Settlement ("Final Class Action Settlement Approval Order"); (v) D.A. Davidson has not exercised its right of recession in the event 10% or more of the Class Members have opted out of the settlement; and (vi) all time limitations for filing an appeal from the Court's Final Class Action Settlement Approval Order have expired without a notice of appeal having been timely filed.  In the event of a timely appeal from the Final Class Action Settlement Approval Order, the Settlement shall be stayed and no settlement funds shall be distributed to Class Members, Class Representative and

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th
Floor
San Jose, CA 95113.2303
408.998.4150

9.         Case No.  5:16-cv-00332 SJO (DTB)

Joint Stipulation Of Settlement And Release

1    Class Counsel.  In this regard, it is the intention of the Parties that this Settlement shall not become
2    effective until the Court's order approving the Settlement has become completely final, and there is
3    no further recourse by any appellant, objector or other individual or entity who seeks to contest the
4    Settlement.

5         22.    Additionally, it is agreed by the Parties that this Settlement will be voidable by
6    D.A. Davidson if D.A. Davidson is required to pay any amount in excess of the Maximum Settlement
7    Amount (as defined in Paragraph 34 herein).

8    **D.    CLAIMS ADMINISTRATION & NOTICE TO CLASS MEMBERS.**

9         **1.    Appointment Of A Claims Administrator.**

10        23.    Subject to the Court's approval, the Claims Administrator will be Gilardi &
11   Co., LLC (hereinafter referred to as the "Claims Administrator"), or such other claims administrator
12   as may be mutually acceptable to the Parties and the Court.  If the Parties cannot agree on a Claims
13   Administrator, the Parties shall request the Court designate one.

14        **2.    Duties of the Claims Administrator.**

15        24.    In accordance with the terms of this Settlement, the Claims Administrator will
16   send out to the Settlement Class a notice of this Settlement pursuant to Paragraphs 26 through 27, will
17   independently review the information provided to it by D.A. Davidson pursuant to Paragraph 26 and
18   independently calculate the amounts due to each eligible and participating member of the Settlement
19   Class.

20        25.    Upon receipt of funds from D.A. Davidson, the Claims Administrator will issue
21   and send out checks to eligible and participating members of the Settlement Class all in accordance
22   with the Final Class Action Settlement Approval Order.  Tax treatment of the Settlement Payments
23   will be as set forth herein, and in accordance with state and federal tax laws.

24        **3.    Notice of the Settlement to Class Members.**

25        26.    The Parties agree that D.A. Davidson will, to the extent it is able, provide to the
26   Claims Administrator, the Class Members' names, last known addresses, telephone numbers, social
27   security numbers within fourteen (14) calendar days of the Court's preliminary approval of the
28   Settlement.

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th
Floor
San Jose, CA 95113.2303
408.998.4150

10.     Case No.  5:16-cv-00332 SJO (DTB)

1    27.    Within twenty-one (21) calendar days of the Court's preliminary approval of

2    the Settlement, the Claims Administrator will mail a notice form to the Class Members in

3    approximately the form attached hereto as Exhibit "C," and as approved by the Court ("Notice").  The

4    Notice shall state the anticipated amounts of payment to each Class Member. Any returned envelopes

5    from this mailing with forwarding addresses will be utilized by the Claims Administrator to forward

6    the Notice to the Class Members.  A returned Notice will be forwarded only once per Class Member

7    by the Claims Administrator.  If there is no forwarding address, the Claims Administrator will perform

8    a NCOA check and will skip-trace returned mail and re-mail within five (5) business days; this search

9    will be performed only once per Class Member by the Claims Administrator.  Upon completion of the

10   steps set forth in Paragraphs 26 through 27 of this Settlement, the Parties shall be deemed to have

11   satisfied their obligation to provide Notice to the members of the Settlement Class.

12            **4.    Class Members' Right to Object or Request Exclusion.**

13   28.    Class Members will have forty-five (45) calendar days from the date of Notice

14   mailing to mail a request for exclusion from the Settlement.  Class Members who wish to opt out of

15   the Settlement may do so by sending the Claims Administrator a written request, postmarked within

16   forty-five (45) days of the original date of mailing the Notice, setting forth their name, address,

17   telephone number and words indicating their desire to be excluded from the Settlement. The written

18   request also must be signed by the individual wishing to opt out of the Settlement.  Unless Class

19   Members elect to opt out of the Settlement as provided herein, they shall remain a member of the

20   Settlement Class and shall be bound by all the terms of the Settlement and the Court's Final Class

21   Action Settlement Approval Order.

22   29.    Class Members who are not on the list(s) provided to the Claims Administrator

23   by Defendant's Counsel are not bound by the Settlement, unless they are subsequently provided a

24   Notice by the Claims Administrator (and it is not returned as non-deliverable) and the Claims

25   Administrator has not received notice that the Class Member is requesting exclusion from the

26   Settlement within thirty (30) calendar days from the postmarked date on the Notice.

27   30.    Only members of the Settlement Class who have not requested exclusion may

28   object to the Settlement.  To object, Class Members must file a written objection and a notice of

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th
Floor
San Jose, CA 95113.2303
408.998.4150

11.        Case No.  5:16-cv-00332 SJO (DTB)

1  intention to appear at the hearing on final approval by no later than fifteen (15) calendar days before

2  the date set for the Final Approval Hearing and send copies to the Parties' counsel as set forth in the

3  Notice.

4          31.     Class Members who fail to file and serve timely written objections in the

5  manner specified above shall be deemed to have waived any objections and shall be foreclosed from

6  making any objection (whether by appeal or otherwise) to the Settlement, unless otherwise ordered by

7  the Court.  Class Counsel and Defendants' Counsel may, at least ten (10) days (or some other number

8  of days as the Court shall specify) before the Final Approval Hearing, file responses to any written

9  objections submitted to the Court.

10          **5.**     **D.A. Davidson's Right to Rescission.**

11          32.     If the number of Class Members who opt-out of this Settlement equals or

12  exceeds ten percent (10%) of the Settlement Class, D.A. Davidson shall have the right to terminate

13  the Settlement.  If D.A. Davidson intends to exercise its right to terminate the Settlement pursuant to

14  this provision, D.A. Davidson shall notify all Parties within fourteen (14) days of the end of the opt-

15  out period.  If D.A. Davidson exercises its rights under this Paragraph, the Settlement shall be null and

16  void for all purposes.

17          33.     D.A. Davidson expressly retains the right to terminate the Settlement in the

18  event they are required to pay any amount in excess of the Maximum Settlement Amount (as defined

19  in Paragraph 34 herein).

20          **E.**     **PAYMENTS UNDER THE SETTLEMENT.**

21          **1.**     **Settlement Amount.**

22          34.     The Parties agree that D.A. Davidson will pay a total of $145,000.00 (the

23  "Maximum Settlement Amount") into a common fund from which the Claims Administrator will have

24  authority to distribute money upon final approval of the Court and in accordance with the Court's

25  order thereon.  The Maximum Settlement Amount shall be D.A. Davidson's total financial obligation

26  in this matter except as otherwise specifically stated in this Stipulation of Settlement.  The Maximum

27  Settlement Amount shall include, but is not limited to, all amounts representing: (1) payments to

28  the Class Members; (2) attorneys' fees; (3) service fees to the Class Representative; (4) litigation costs;

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th
Floor
San Jose, CA 95113-2303
408.998.4150

12.      Case No.  5:16-cv-00332 SJO (DTB)

Joint Stipulation Of Settlement And Release

1   (5) administration costs; (6) penalties; and (7) interest; and (8) any other general, special and/or

2   compensatory damages and/or penalties that have been or could have been brought by the Class

3   Members.

4           **2.**        **Payments in Addition to the Maximum Settlement Amount.**

5           35.        Under no condition will D.A. Davidson's financial liability under the

6   Settlement exceed the Maximum Settlement Amount, except as stated in this Paragraph.  The only

7   exception to the amounts included in the Maximum Settlement Amount and which may cause the

8   Maximum Settlement Amount to exceed $145,000.00 is if D.A. Davidson is assessed any tax

9   obligation that it is required to pay on its own behalf (hereinafter referred to as "D.A. Davidson's Tax

10  Obligations").

11          **3.**        **Settlement Class Members' Tax Obligations.**

12          36.        Class Members are solely and exclusively responsible for their own individual

13  tax obligations on any amounts received pursuant to this Settlement.

14          37.        The Maximum Settlement Amount will be paid by D.A. Davidson to the

15  Settlement Administrator by or before fourteen (14) calendar days after the Settlement Effective Date.

16  D.A. Davidson shall have the right to pre-pay to the Settlement Administrator any of the amounts due

17  under this Settlement.

18          **F.**        **Payments of Individual Settlement Awards to Class Members:**

19          39.        Upon receipt of the Settlement Amount by D.A. Davidson, the Claims

20  Administrator will be responsible for making appropriate deductions, reporting obligations, and

21  issuing monetary payments to the Class Members ("Individual Settlement Awards").

22          40.        In order to do so, the Claims Administrator shall first deduct from the Maximum

23  Settlement Amount any and all Court-approved fees or costs or expenses, including but not limited to,

24  attorneys' fees and expenses, claims administration expenses, the Service Enhancement Award.  The

25  remaining amount shall be the "Net Settlement Amount."

26          41.        Individual Settlement Awards will be calculated by the Claims Administrator

27  and paid out of the Net Settlement Amount, based on the following methodology:  The Individual

28  Settlement Awards will be a pro-rata share of the Net Settlement Amount based on the number of

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th
Floor
San Jose, CA 95113.2303
408.998.4150

13.      Case No.  5:16-cv-00332 SJO (DTB)

Joint Stipulation Of Settlement And Release

1  participating Class Members up to a maximum amount of $100.00 per Class Member (i.e. the Net

2  Settlement Amount/participating Class Members = Individual Settlement Amount not to exceed

3  $100.00).

4         42.      The Individual Settlement Amounts shall be reported on an IRS Form 1099.

5         43.      It is expressly understood and agreed that the receipt of an Individual Settlement

6  Award payment will not entitle any Class Member to additional compensation or benefits under any

7  company bonus, contest or other compensation or benefit plan or agreement in place during the period

8  covered by the Settlement, nor will it entitle any Class Member to any increased retirement, 401K

9  benefits or matching benefits, or deferred compensation benefits.  It is the intent of this Settlement that

10  the Individual Settlement Award payments provided for in this Agreement are the sole payments to be

11  made by Defendants to Class Members for any claims reasonably covered by the settlement of this

12  Action, and that Class Members are not entitled to any new or additional compensation or benefits as

13  a result of having received the Individual Settlement Award payments (notwithstanding any contrary

14  language or agreement in any benefit or compensation plan document that might have been in effect

15  during the period covered by this Settlement).

16      **G.**      **Unclaimed Individual Settlement Awards.**

17         44.      The expiration date on all settlement checks will be ninety (90) calendar days

18  from the date the same are issued.  Uncashed settlement checks will not be re-issued.

19         45.      Any unclaimed settlement amounts shall be distributed to the following non-

20  profit charitable organization in accordance with California Code of Civil Procedure § 384:  United

21  Way of Montana. Should the Court reject this organization, the Party who nominated the organization

22  will have the opportunity to propose an alternative nominee.  In no event shall either Party propose an

23  organization with which they, their counsel or their counsel's employees are employed or retained by,

24  have an ownership interest in, or serve on the board of, have served in an advisory capacity for, or

25  done volunteer work for within the last five years.

26      **H.**      **Class Representative and Service Award.**

27         46.      Subject to Court approval, the Class Representative's Service Award shall be

28  made from the Maximum Settlement Amount.  For the purposes of this Settlement only, the Parties

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th
Floor
San Jose, CA 95113.2303
408.998.4150

14.      Case No.  5:16-cv-00332 SJO (DTB)

Joint Stipulation Of Settlement And Release

agree to the designation of Monaco as the Class Representative.  As consideration for and upon full execution of separate general releases of all claims arising out of the events and circumstances alleged in the Lawsuit (including a waiver of California Code of Civil Procedure section 1542 and a waiver of rehire with Released Parties), Class Counsel shall petition the Court for an enhancement award in amounts not to exceed five thousand dollars ($5,000.00) (hereinafter referred to as the "Service Award").  The Service Award shall be a part of, deducted from and not in addition to the Maximum Settlement Amount.  This payment is in addition to Class Representative's Individual Settlement Award, to which he is entitled along with other Class Members.  The Claims Administrator will issue IRS Forms 1099-MISC for the approved Service Award paid to the Class Representative.  Class Representative shall be responsible for paying any and all taxes associated with the receipt of the Service Award and shall indemnify and hold harmless D.A. Davidson, D.A. Davidson's present and former parent companies, subsidiaries, divisions, concepts  related or affiliated companies, shareholders, officers, directors, employees, agents, attorneys, insurers, successors and assigns, for any liability or costs, including any and all attorneys' fees and costs incurred by it should said Class Representative fail to pay for all taxes due on the Service Award received.

## I.   ATTORNEYS' FEES AND EXPENSES.

47.    In partial consideration for settling this matter and in exchange for the release of all claims by the Settlement Class and release of any and all claims for attorneys' fees and expenses from Class Counsel, and subject to final approval by the Court, Defendants agree to pay Class Counsel attorneys' fees in an amount not to exceed 33 1/3% of the Maximum Settlement Amount, plus their reasonable expenses; said amounts shall be paid from and shall not be in addition to the Maximum Settlement Amount.  D.A. Davidson will not object to Class Counsel's application for attorneys' fees and expense reimbursements in these amounts.  The attorneys' fees are to compensate Class Counsel for all the work already performed in this Lawsuit, as well as all the work remaining to be performed in documenting the Settlement, securing Court approval of the Settlement, making sure the Settlement is administered and implemented fairly and obtaining dismissal with prejudice of this Lawsuit.  Should the Court approve a lesser amount of attorneys' fees or expenses, the difference shall become part of the Net Settlement Amount.

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th
Floor
San Jose, CA  95113.2303
408.998.4150

15.          Case No.  5:16-cv-00332 SJO (DTB)

Joint Stipulation Of Settlement And Release

**J.     RELEASE BY THE CLASS.**

48.     Upon the final approval by the Court of this Settlement, and except as to such rights or claims as may be created by this Settlement, the Settlement Class and each Class Member who has not submitted a written request to opt out of the Settlement and opted out of the settlement, fully releases and discharges D.A. Davidson and the Released Parties from any and all claims, debts, penalties, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, actions or causes of action of whatever kind or nature, whether known or unknown, that were alleged or that reasonably arise out of the facts alleged in the Lawsuit during the Class Period, including claims related to alleged or potential violations of the FCRA, the CCRAA, and the ICRAA, and, to the extent based on the foregoing statutes, California's Business and Professions Code section 17200 et seq.

49.     The participating Class Members expressly acknowledge and agree that they have settled all claims against the Released Parties by and through this Settlement and that they shall not seek any new, different, further or additional compensation directly or indirectly from D.A. Davidson for any alleged failure by D.A. Davidson to comply with any federal, state or local law regulation or ordinance regarding the matters alleged in the Lawsuit.   This Release shall survive the termination of this Agreement.

50.     If Monaco receives an incentive award from the Settlement Amount as provided in Paragraph 47, he shall execute a general release of all claims in the form attached hereto as Exhibit "A". This release shall survive the termination of this Agreement but shall not extend to claims based on incidents occurring after Plaintiff signs such release.

**K.     DUTIES OF THE PARTIES REGARDING PRELIMINARY APPROVAL.**

51.     Class Counsel shall promptly submit this Settlement to the Court in support of a motion for preliminary approval and for determination by the Court as to its fairness, adequacy, and reasonableness.  Promptly upon execution of this Settlement, Class Counsel shall apply to the Court for the entry of an order substantially in the following form:

a.     Scheduling a final approval hearing on the question of whether the proposed Settlement should be approved as fair, reasonable and adequate as to the members of the Settlement Class;

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th
Floor
San Jose, CA 95113.2303
408.998.4150

16.

Case No.  5:16-cv-00332 SJO (DTB)

Joint Stipulation Of Settlement And Release

b.     Approving as to form and content the proposed Notice;

c.     Directing the mailing of the Notice to the Class Members;

d.     Preliminarily approving the Settlement subject only to the objections of Class Members and final review by the Court; and

e.     Preliminarily approving claims administration fees and expenses.

52.     Within ten (10) days of the Parties filing the motion for preliminary approval of this Settlement, D.A. Davidson shall serve the notices required by 28 U.S.C. section 1715.

**L.     DUTIES OF THE PARTIES REGARDING FINAL COURT APPROVAL AND FINAL JUDGMENT.**

53.     Prior to the final approval hearing, Class Counsel will prepare and, after review and approval by Defendants and Defendants' Counsel, submit to the Court a proposed Final Class Action Settlement Approval Order:

a.     Approving the Settlement, adjudging the terms thereof to be fair, reasonable and adequate, and directing consummation of its terms and provisions;

b.     Approving the payment of Individual Settlement Awards to Class Members, including the method for calculation, timing of the payments from the Net Settlement Fund;

c.     Approving the Service Enhancement Award to the Class Representatives and timing of payment of such awards from the Settlement Fund;

d.     Approving Class Counsel's application for an award of attorneys' fees and expenses and schedule of such payments from the Settlement Fund;

e.     Approving payment of the claims administration fees and expenses and schedule of such payments from the Settlement Fund;

f.     Permanently barring all Class Members who did not timely submit written requests to opt out of the Settlement from prosecuting against any of the Released Parties any individual or class or collective claims released herein; and

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th Floor
San Jose, CA 95113-2303
408.998.4150

17.     Case No.  5:16-cv-00332 SJO (DTB)

Joint Stipulation Of Settlement And Release

g.       Entering judgment pursuant the terms of this Settlement, and providing that the Court shall retain jurisdiction over the Parties to enforce the terms of the Court's final orders and judgment thereon.

**M.    NO PUBLIC COMMENT.**

54.    The Class Representatives and Class Counsel will not make any public disclosure of the Settlement until after the Settlement is preliminarily approved by the Court.  Class Counsel will take all steps necessary to ensure the Class Representative is aware of, and will encourage him to adhere to, the restriction against any public disclosure of the Settlement until after the Settlement is preliminarily approved by the Court.

55.    Following receipt of the Preliminary Approval Order of the Settlement attached hereto as Exhibit "B", the Class Representatives and Class Counsel will not initiate any communications with the media.  If contacted regarding the case, the Class Representatives and Class Counsel may not make any statement regarding this action but may only direct the media to the public records of the Action on file with the Court.  Class Counsel will take all steps necessary to ensure the Class Representatives are aware of, and will instruct them to adhere to, the restrictions on any media comment on the Settlement and its terms prior to and following preliminary approval.

56.    Nothing in this Settlement shall prohibit or restrict Class Counsel from discussing this case or the terms of this Settlement with Class Members who contact Class Counsel directly.

57.    None of these prohibitions on public comment shall prohibit Class Counsel's communications with the Court as necessary to finalize this Settlement.

**N.    PARTIES' AUTHORITY.**

58.    The signatories hereto hereby represent that they fully are authorized to enter into this Settlement and bind the Parties hereto to the terms and conditions thereof.

**O.    MUTUAL FULL COOPERATION.**

59.    The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement, including but not limited to, execution of such documents and taking such other action as reasonably may be necessary to implement the terms of this Settlement.  The Parties to this

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th
Floor
San Jose, CA 95113.2303
408.998.4150

18.

Case No.  5:16-cv-00332 SJO (DTB)

Joint Stipulation Of Settlement And Release

Settlement shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Settlement and the terms set forth herein.  As soon as practicable after execution of this Settlement, Class Counsel shall, with the assistance and cooperation of Defendants and Defendants' Counsel, take all necessary steps to secure the Court's final approval of this Stipulation of Settlement.

**P.      NO PRIOR ASSIGNMENTS.**

60.      The Parties and Class Counsel represent, covenant and warrant that they have not directly or indirectly, assigned, transferred, encumbered or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

**Q.      NO ADMISSION.**

61.      Nothing contained herein, nor the consummation of this Settlement, is to be construed or deemed an admission of liability, culpability, negligence or wrongdoing on the part of Defendants or any of the other Released Parties.  All Parties hereto have entered into this Settlement solely with the intention to avoid further disputes and litigation with the attendant inconvenience and expense.

**R.      NOTICES.**

62.      Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

To Class Representatives and the Settlement Class:

Kayann C. Kalin, Esq.
STUTHEIT KALIN LLC
308 SW First Avenue, Suite 325
Portland, OR 97204

To Defendants D.A. Davidson:

Benjamin A. Emmert, Esq.
LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street, 15th Floor

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th
Floor
San Jose, CA  95113.2303
408.998.4150

19.                     Case No.  5:16-cv-00332 SJO (DTB)

Joint Stipulation Of Settlement And Release

San Jose, CA 95113

63. If the date by which any action is required to be performed under the Settlement falls on a Saturday, Sunday or legal holiday in the State of California, then the date by which such action shall be required to be performed shall be the next following day that is not a Saturday, Sunday or legal holiday in the State of California.

**S.     CONSTRUCTION.**

64. The Parties hereto agree that the terms and conditions of this Settlement are the result of lengthy, intensive, arms-length negotiations between the Parties, and that this Settlement shall not be construed in favor of or against any Party by reason of the extent to which any Party or his or its counsel participated in the drafting of this Settlement.

**T.     CAPTIONS AND INTERPRETATIONS.**

65. Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend or describe the scope of this Settlement or any provision hereof.

**U.     MODIFICATION.**

66. This Settlement may not be changed, altered or modified, except in writing and signed by the Parties hereto, and approved by the Court. This Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto.

**V.     INTEGRATION CLAUSE.**

67. This Stipulation of Settlement contains the entire agreement between the Parties relating to the settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged herein. No rights hereunder may be waived except in writing.

**W.     BINDING ON ASSIGNS.**

68. This Stipulation of Settlement shall be binding upon and inure to the benefit of the Parties and Class Counsel hereto and their respective heirs, trustees, executors, administrators, successors and assigns.

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th
Floor
San Jose, CA. 95113.2303
408.998.4150

20.     Case No.  5:16-cv-00332 SJO (DTB)

Joint Stipulation Of Settlement And Release

## X.  SIGNATORIES.

69.  It is agreed that, for the purposes of this Settlement, because the members of the Settlement Class are so numerous, it is impossible or impractical to have each Class Member execute this Stipulation of Settlement.  The Notice will advise all Class Members of the binding nature of the release, and the release shall have the same force and effect as if this Settlement were executed by each member of the Settlement Class.

## Y.  COUNTERPARTS.

70.  This Settlement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement, which shall be binding upon and effective as to all Parties.

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th
Floor
San Jose, CA  95113.2303
408.998.4150

1   **BY THEIR SIGNATURES BELOW, THE PARTIES STIPULATE TO THE FOREGOING**

2   **Class Representative**

3   Dated:      09/20/2016          *Michael Monaco*
                                     _____
4                                    MICHAEL MONACO

5   **Class Counsel**

6   Dated:

7                                    _____
                                     Kyann C. Kalin, Esq.
8                                    STUTHEIT KALIN LLC
                                     Attorneys for Plaintiff and all others similarly situated
9

10  **Defendant**

11

12  Dated:                          _____
                                     D.A. DAVIDSON COMPANIES
13

14

15  Dated:                          _____
                                     BENJAMIN A. EMMERT
16                                   LITTLER MENDELSON, P.C.
                                     Attorneys for Defendant
17                                   D.A. DAVIDSON COMPANIES

18

19

20  Firmwide:142051416.1 088815.1001

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th
Floor
San Jose, CA 95113.2303
408.998.4150

                                22.        Case No.  5:16-cv-00332 SJO (DTB)

                        Joint Stipulation Of Settlement And Release

1    **BY THEIR SIGNATURES BELOW, THE PARTIES STIPULATE TO THE FOREGOING**

2    **Class Representative**

3    Dated:

                                          _____

4                                        MICHAEL MONACO

   **Class Counsel**

5

6    Dated:

7

8                                        Kyann C. Kalin, Esq.
                                       STUTHEIT KALIN LLC
                                       Attorneys for Plaintiff and all others similarly situated

9

10    **Defendant**

11

12    Dated:

                                          _____

13                                        D.A. DAVIDSON COMPANIES

14

15    Dated:

                                          _____

16                                        BENJAMIN A. EMMERT
                                       LITTLER MENDELSON, P.C.

17                                        Attorneys for Defendant
                                       D.A. DAVIDSON COMPANIES

18

19

20    Firmwide:142051416.1 088815.1001

21

22

23

24

25

26

27

28

               22.           Case No.  5:16-cv-00332 SJO (DTB)

               Joint Stipulation Of Settlement And Release

Exhibit A

## SETTLEMENT AGREEMENT AND GENERAL
## RELEASE OF ALL CLAIMS

This Settlement and General Release Agreement ("Agreement") is entered into voluntarily by and between Michael Monaco ("Consumer") and D.A. Davidson Companies ("Defendant") and is intended by Consumer and Defendant (Consumer and Defendant are hereinafter collectively referred to as the "Parties") to settle fully and finally all claims Consumer asserted, or could have asserted, against Defendant in the lawsuit entitled Michael Monaco v. D.A. Davidson Companies, United States District Court for the Central District of California, Case No. 5:16-cv-00332 SJO (DTB) (the "Litigation").

1.       In consideration for Consumer's execution of this Agreement as to Defendant, and the dismissal with prejudice of Consumer's claims in the Litigation and the actual dismissal of Consumer's claims in the Litigation with prejudice, Defendant has agreed to pay, or have paid on its behalf to Consumer, as part of the settlement in the class action portion of the Litigation, a service fee of $5,000, subject to Court approval of this amount ("Settlement Amount"). Defendant will issue an IRS Form 1099-MISC to Consumer for this amount.  Consumer hereby agrees to indemnify and hold Defendant and the other Released Parties harmless from and against any and all tax claims arising out of the payment of the Settlement Amount.

2.       The consideration set forth in Paragraph 1 will be paid in accordance with the schedule set by the Court in conjunction and accordance with the settlement of the class action portion of the Lawsuit.  Within five (5) business days of receipt of the consideration, Consumer's attorneys shall file a Request for Dismissal with prejudice of Consumer's claims in the Litigation.

3.       In consideration for this Agreement and the Settlement Amount referred to in Paragraph 1 hereof, to which Consumer specifically agrees he/she would not otherwise be entitled, Consumer for himself/herself and his/her heirs, assigns, executors, administrators, and successors, past and present (collectively, the "Consumer Affiliates"), hereby fully and without limitation releases, and forever discharges Defendant and each of Defendant's predecessors, successors, assigns, current and former employees, shareholders, officers, directors, attorneys, insurers, subsidiaries, divisions, parent companies, holding companies and all persons acting by, through, under  them, or any of them (collectively, "Released Parties"), both individually and collectively, from, with regard to any Claims that have been or which could have been asserted in the Litigation, any and all rights, claims, demands, liabilities, actions and causes of action whether in law or in equity, suits, damages, losses, attorneys' fees, costs, and expenses, of whatever nature whatsoever, known or unknown, fixed or contingent, suspected or unsuspected (collectively, the "Claims"), that Consumer and/or the Consumer Affiliates have or may have against the Released Parties for any alleged acts or omissions by the Released Parties occurring on or before the date that Consumer signs this Agreement.

(a)      Consumer understands and agrees that the release provisions of this Paragraph 3 apply to any Claims that Consumer and/or the Consumer Affiliates have or may have against the Released Parties occurring on or before the date that Consumer signs this Agreement that arise out of or are in any manner related to his applying for employment with

Defendant and the preparation, issuance, publication or handling of any consumer report(s) and/or investigative consumer report(s) concerning Consumer including, but not limited to, any and all claims that: (1) an investigative consumer report regarding Consumer was prepared, procured and/or caused to be prepared without a permissible purpose; (2) an investigative consumer report regarding Consumer was prepared, procured and/or caused to be prepared without first providing Consumer the disclosures required by the federal Fair Credit Reporting Act, California's Consumer Credit Reporting Agencies Act, California's Investigative Consumer Reporting Act, Washington Fair Credit Report act, and, to the extent based on the foregoing statutes, California's Business and Professions Code section 17200 et seq.; (3) an investigative consumer report regarding Consumer was prepared, procured and/or caused to be prepared without first obtaining Consumer's written consent; (4) an investigative consumer report regarding Consumer was prepared, procured and/or caused to be prepared without the necessary certifications and/or without the necessary proper certifications being done before the report was prepared, procured and/or caused to be prepared; (5) an investigative consumer report regarding Consumer was prepared, procured and/or caused to be prepared without Consumer being given the opportunity to indicate on a written form, by means of a box to check, that he/she wished to receive a copy of any investigative report that was prepared; (6) an investigative consumer report regarding Consumer was prepared, procured and/or caused to be prepared without first providing Consumer the requisite disclosures in a document consisting solely of the requisite disclosures; and (7) Consumer is entitled to recover any actual damages, punitive damages, statutory penalty, attorneys' fees and/or litigation costs for Defendant's alleged failure to comply with the above referenced acts.

      (b)    The release set forth above is a General Release with regard to any Claims that have been or that could have been asserted in the Litigation and is intended to encompass all known and unknown, foreseen and unforeseen Claims that Consumer and/or Consumer Affiliates have or may have against any of the Released Parties, as of the date that Consumer signs this Agreement, that arise out of the acts or omissions relating to Consumer that are now or could have been the subject of any Claims asserted in the Litigation. After consulting with his/her attorneys, Consumer hereby agrees that all rights under California Civil Code section 1542 are hereby voluntarily waived by him/her as to the matters encompassed by this Agreement or otherwise related to the subject matter of the Litigation. Section 1542 provides as follows:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

This waiver is not a mere recital, but is a known waiver of rights and benefits. This is a bargained-for provision of this Agreement and is further consideration for the covenants and conditions contained herein.

      4.    Consumer represents that, except for the Litigation, Consumer and the Consumer Affiliates have not filed any complaints or charges or otherwise initiated civil or administrative claims or proceedings against any of the Released Parties with regard to any Claims asserted in or embraced by the Litigation with any local, state or federal court, agency, department, division, office or bureau.

5.      Consumer warrants that he/she has made no assignment, and will make no assignment, of any Claim, cause of action, right of action or any right of any kind whatsoever, embodied in any of the Claims and allegations referred to herein, and that except for his/her attorneys, no other person or entity had or has any interest in any of the Claims referred to herein.

6.      Consumer understands and agrees that he/she:

(a)      Has carefully read and fully understands all of the provisions of this Agreement;

(b)      Is, through this Agreement, releasing the Released Parties from any and all Claims asserted in or that could have been asserted in the Litigation that Consumer may have against Co-Defendants as of and/or before the date Consumer signs this Agreement;

(c)      Knowingly and voluntarily agrees to all of the terms set forth in this Agreement;

(d)      Knowingly and voluntarily intends to be legally bound by the same;

(e)      Consulted with his/her attorneys before executing this Agreement;

7.      The provisions of this Agreement are severable.   If any provision of this Agreement is declared invalid or unenforceable, the ruling will not affect the validity and enforceability of any other provision of this Agreement.

8.      Consumer represents and warrants that no promise or inducement has been offered or made to him except as herein set forth and that the consideration described above will be the sole consideration for this Agreement.   This Agreement is a complete agreement and states fully all agreements, understandings, promises and commitments as between Consumer and Defendant as to the matters encompassed by the Agreement.   It is understood and agreed by Consumer that, with the exception of the settlement agreements entered into in the class action portion of the Lawsuit which remains in full force and effect, this Agreement specifically supersedes any and all prior agreements and understandings, written or oral, express or implied, between Consumer and Defendant.

9.      Failure by any party to this Agreement to insist on compliance by Consumer and/or Consumer's attorneys with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition by any Party.

10.      This Agreement is made under the laws of the State of California, and shall in all respects be interpreted, enforced and governed under the laws of the State of California without giving effect to conflicts of laws principles.

11.      The Parties agree that a copy of this Agreement is binding and valid just as the signed original would be binding and valid.

Settlement And Release
Agreement                          Page 3 of 4                          Initials *MM*

12.     Consumer represents that he/she has thoroughly discussed all aspects of this Agreement with his/her attorneys, that he has carefully read and fully understands each of the provisions of this Agreement, and that he is voluntarily entering into this Agreement.  The Parties agree that any rule of law or any legal decision that would require interpretation of any claimed ambiguities in this Agreement against the party that drafted it has no application and is expressly waived.

13.     Consumer acknowledges that he/she might hereafter discover facts different from or in addition to those he/she now knows or believes to be true with respect to a Claim or Claims released herein, and he/she expressly agrees to assume the risk of possible discovery of additional or different facts, and further agrees that this Agreement shall be and remain effective in all respects regardless of such additional or different discovered facts.

14.     The Parties agree that this Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the undersigned have executed this Settlement Agreement and General Release of All Claims on the dates set forth hereinafter.

Dated: _____09/20/2016_____

_Michael Monaco_____
Michael Monaco

AS TO THE FORM AND CONTENT OF
THE ENTIRE AGREEMENT:

Dated:_____

_____
Kyann C. Kalin
Counsel for Plaintiff

Firmwide:142854099.1 088815.1001

12.     Consumer represents that he/she has thoroughly discussed all aspects of this Agreement with his/her attorneys, that he has carefully read and fully understands each of the provisions of this Agreement, and that he is voluntarily entering into this Agreement.   The Parties agree that any rule of law or any legal decision that would require interpretation of any claimed ambiguities in this Agreement against the party that drafted it has no application and is expressly waived.

13.     Consumer acknowledges that he/she might hereafter discover facts different from or in addition to those he/she now knows or believes to be true with respect to a Claim or Claims released herein, and he/she expressly agrees to assume the risk of possible discovery of additional or different facts, and further agrees that this Agreement shall be and remain effective in all respects regardless of such additional or different discovered facts.

14.     The Parties agree that this Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the undersigned have executed this Settlement Agreement and General Release of All Claims on the dates set forth hereinafter.

Dated: _____

_____
Michael Monaco

AS TO THE FORM AND CONTENT OF
THE ENTIRE AGREEMENT:

Dated: _____September 20, 2016_____

_____
Kyann C. Kalin
Counsel for Plaintiff

Firmwide:142854099.1 088815.1001

Exhibit B

1    *Counsel listed on the following page*

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                          EASTERN DIVISION

11   MICHAEL MONACO, on behalf of          Case No.  5:16-cv-00332 SJO (DTB)
     himself and all others similarly situated,
12                                          **[PROPOSED] ORDER GRANTING**
                                            **PRELIMINARY APPROVAL OF CLASS**
13                Plaintiffs,               **ACTION SETTLEMENT**

14   v.                                     Complaint Filed: February 24, 2016
                                            Trial Date: March 28, 2017
15   D.A. DAVIDSON COMPANIES,
                                            **Class Action**
16                Defendant.

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th
Floor
San Jose, CA 95113.2303
408.998.4150

Case No.  5:16-cv-00332 SJO (DTB)

1    STUTHEIT KALIN LLC
     Kyann C. Kalin (SBN 209030)
2    Kyann@stutheitkalin.com
     308 SW First Avenue, Suite 325
3    Portland, OR 97204
     Telephone: (971) 285-7578
4    Facsimile: (503) 715-5670

5    Attorneys for Plaintiff
     MICHAEL MONACO, on behalf of himself
6    and all others similarly situated

7

     BENJAMIN A. EMMERT, Bar No. 212157
8    bemmert@littler.com
     KARIN COGBILL, BAR NO. 244606
9    kcogbill@littler.com
     LITTLER MENDELSON, P.C.
10   50 W. San Fernando, 15th Floor
     San Jose, CA  95113.2303
11   Telephone:    408.998.4150
     Fax No.:      408.288.5686
12
     Attorneys for Defendant
13   D.A. DAVIDSON COMPANIES

14   HKM EMPLOYMENT ATTORNEYS
15   Mamta Ahluwalia (SBN 245992)
     mahluwalia@hkm.com
16   HKM Employment Attorneys LLP
     453 S. Spring Street, Suite 1008
17   Los Angeles, CA 90013
     Telephone: 213-259-9950
18   Facsimile: 213-477-2391

19   Attorneys for Plaintiff
     MICHAEL MONACO, on behalf of himself
20   and all others similarly situated

21   HKM EMPLOYMENT ATTORNEYS LLP
22   Donald W. Heyrich (pro hac vice application pending)
     dheyrich@hkm.com
23   Rachel M. Emens (pro hac vice application pending)
     remens@hkm.com
24   600 Stewart Street, Suite 901
25   Seattle, WA 98101
     Telephone: 206-838-2504
26   Facsimile: 206-260-3055

27   Attorneys for Plaintiff
     MICHAEL MONACO, on behalf of himself
28   and all others similarly situated

2.          Case No.  5:16-cv-00332 SJO (DTB)

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Before the Court is the Parties' Joint Motion for Preliminary Approval of Class and Collective Action Settlement ("Motion") and the pertinent materials filed with that motion. For good cause shown, and as more fully explained below, the Motion is GRANTED. The Court ORDERS as follows:

1. **Preliminary Certification of the Settlement Class.** For the purposes of settlement only, the Court preliminarily finds that the proposed Class, as defined in the Settlement Agreement between the Parties (the "Agreement"), meets the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure. Accordingly, the Court certifies for settlement purposes only the following proposed California Rule 23 Class:

> All current and former employees of D.A. Davidson and all applicants for employment on who D.A. Davidson requested a consumer report in the period between February 24, 2013 through July 29, 2016.

Not later than fourteen (14) days after the date of this Order, Defendant will provide the Claims Administrator with an Excel chart listing the names and last known addresses of the Class Members.

2. **Nullification.** This Order will be null and void and of no force or effect, and this action will proceed as though a class had never been certified, if the Agreement is not finally approved by the Court or if the Agreement, after being finally approved by the Court, is invalidated on appeal or terminated pursuant to its own terms.

3. **Class Representatives.** The Court grants approval to the Named Plaintiff Michael Monaco to serve as Class Representative with respect to the settlement.

4. **Class Counsel.** The Court appoints as Class Counsel for the Settlement Class Kyann C. Kalin, Esq., STUTHEIT KALIN LLC, 308 SW First Avenue, Suite 325, Portland, OR 97204.

5. **Preliminary Approval of the Agreement.** The proposed settlement set forth in the Agreement appears, upon preliminary review, to be fair, reasonable and adequate and is therefore preliminarily approved subject to further consideration thereof at the Final Approval Hearing, as provided in Paragraph 7 below. It is found that the Notice of the proposed Settlement should be given as provided in the Agreement and set forth in Paragraph 8 below.

6. **Claims Administrator.** Gilardi & Co., LLC is approved as the Claims Administrator

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th
Floor
San Jose, CA 95113.2303
408.998.4150

3.                    Case No.  5:16-cv-00332 SJO (DTB)

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

of the settlement as set forth in the Agreement.

7.      **Fairness Hearing**. Under Rule 23(e) of the Federal Rules of Civil Procedure, a Fairness Hearing will be held on _____, 2017 at _____ to consider final approval of the Agreement. The date and time of the Final Approval Hearing shall be set forth in the Notice, but the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the Class Members other than that which may be posted by the Court.

8.      **Notice to the Class.** The Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing (the "Notice") attached as Exhibit C to the Agreement is approved. The Court orders that the Claims Administrator mail the Notice as set forth in the Agreement to the members of the Class.

9.      **Exclusion from the Settlement**. Any member of the Class who wishes to not participate in the settlement may request exclusion from the class by submitting a signed request for exclusion to the Claims Administrator.  To be effective, such request for exclusion must include the individual's name and an unequivocal statement that the individual requests to be excluded from the class, and it must be post-marked within forty-five (45) days following the date of the initial mailing of the Settlement Notice Packet.

10.      **Objections.** Any Settlement Class Members who wish to present objections to the proposed settlement at the Fairness Hearing must do so first in writing. To be considered, such objections must (a) clearly identify the case name and number (Monaco v. D.A. Davidson Companies, Case Number 5:16-cv-00332 SJO (DTB), (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 312 N Spring St, Los Angeles, CA 90012, or by filing them in person at any location of the United States District Court for the Central District of California, and (c) be mailed to Class Counsel; and (d) be filed or postmarked on or before forty-five (45) days after the initial mailing of the Notice by the Claims Administrator.

An objector who timely submits a written objection may appear at the Fairness Hearing either in person or through counsel hired by the objector. An objector may withdraw his or her objections at any time. No Settlement Class Member may appear at the Fairness Hearing or appeal from the Final

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th
Floor
San Jose, CA 95113.2303
408.998.4150

4.      Case No.  5:16-cv-00332 SJO (DTB)

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Approval Order unless he or she has filed a timely objection that complies with the procedures provided herein. Any Class Member who requests exclusion from the class may not submit objections to the settlement. The Parties may file with the Court written responses to any filed objections no later than fourteen (14) calendar days before the Fairness Hearing.

11.   At least 14 days before the deadline to object to or opt out of the Settlement, Class Counsel shall file their motion for attorneys' fees, costs, and class representative enhancements.

12.   **Effect of the Agreement.** All members of the Settlement Class who do not timely and properly exclude themselves from the class will be bound conclusively by all of the terms of the Agreement, if finally approved, and by any judgment entered upon final approval. Class Counsel will file returned exclusion statements with the Court as set forth in the Agreement.

13.   **Voiding the Agreement.** Pursuant to the Agreement, if 10% or more of the members of the Class elect to be excluded from the Class, Defendant will have the right, in its sole discretion, to void this Agreement by filing with the Court a notice as set forth in the Agreement. If Defendant files a timely notice, then this Settlement Agreement becomes null and void and this action will resume as it existed immediately prior to the execution of the Agreement.

14.   **Order for Settlement Purposes.** The findings and rulings in this Order are made for the purposes of settlement only and may not be cited or otherwise used to support the certification of any contested class or subclass in this action or any other action.

15.   **Stay.** All proceedings in this action, other than such proceedings as may be necessary to carry out the terms and conditions of the Agreement, are stayed and suspended until further order of the Court.

16.   **Use of Agreement and Ancillary Terms.** Neither the Agreement (whether or not it is finally approved) nor any ancillary documents, actions, statements, or filings in furtherance of settlement (including matters associated with the mediation) will be admissible or offered into evidence in any action related or similar to this one for the purposes of establishing, supporting or defending against any claims that were raised or could have been raised in this action or are similar to such claims.

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th
Floor
San Jose, CA 95113.2303
408.998.4150

5.          Case No.  5:16-cv-00332 SJO (DTB)

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1    **IT IS SO ORDERED.**

2    Dated:_____, 2016

3                                        _____

4                                        HON. S. JAMES OTERO
                                         UNITED STATES DISTRICT COURT JUDGE

5

6

7    Firmwide:142854990.1 088815.1001

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th
Floor
San Jose, CA 95113.2303
408.998.4150

6.                                  Case No.  5:16-cv-00332 SJO (DTB)

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Exhibit C

# NOTICE OF CLASS ACTION SETTLEMENT

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MONACO, on behalf of himself and all others similarly situated,<br><br>   Plaintiff,<br> v.<br><br>D.A. DAVIDSON COMPANIES,<br><br>   Defendant. | Case No. 5:16-cv-00332 SJO (DBT)<br><br>**NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION AND HEARING DATE FOR FINAL COURT APPROVAL** |

### PLEASE READ THIS NOTICE.

A class action lawsuit against defendant D.A. Davidson Companies ("D.A. Davidson") has been preliminarily approved for settlement. In the lawsuit, Plaintiff alleges D. A. Davidson used an allegedly defective disclosure and authorization in conjunction with obtaining a consumer report(s) on applicants and employees for employment purposes.

D.A. Davidson denies Plaintiff's allegations and contends that it complies with applicable law. **You have been identified by D.A. Davidson's records as a member of the plaintiff class in the above-entitled class action, and as such are subject to the settlement agreement preliminarily approved by the Court. Please read this notice carefully. It may affect your legal rights.**

| YOUR LEGAL RIGHTS AND OPTIONS WITH RESPECT TO THE SETTLEMENT | |
|---|---|
| **Participate in the Settlement – Do Nothing** | If you want to remain in the Class, be bound by the Settlement and **receive your Individual Settlement Allocation** then **you need not do anything.** |
| **Exclude Yourself From the Settlement** | If you do not want to be bound by the Settlement, you must follow the instructions in Section 8 to exclude yourself. If you exclude yourself, **you will not receive any of the Settlement proceeds, and you will not release any claims against D.A. Davidson.** |
| **Object to the Settlement** | If you want to object to the Settlement, you must follow the instructions in Section 9. If you object, you will still be bound by the terms of the Settlement, if approved by the Court. |

## WHAT INFORMATION IS IN THIS NOTICE

1.      Why Should You Read This Notice?.....……................................................................ Page 2
2.      What Is The Case About?..........................................................................…. Page 2
3.      Background of Settlement......................................................................... Page 2
4.      Why Did D.A. Davidson Agree To This Settlement?.............................................Page 3
5.      The Proposed Settlement...................................................................…. Page 3
6.      What Do I Need To Do To Collect Money?......................................................... Page 3
7.      What Happens If I Do Nothing? What Am I Releasing?..................................…. Page 3
8.      What Do I Need To Do If I Want To Request Exclusion From the Settlement?..................Page 4
9.      What Must I Do To Object To the Settlement?.........................................................Page 4
10.     Who are the Attorneys and the Claims Administrator?........................................................ Page 4
11.     Notice of Hearing on Final Approval........................................…...............................Page 4
12.     Examination of Papers and Inquiries............................................................…… Page 5

### 1. Why Should You Read This Notice?

You should read this notice because you are entitled to receive money from a class action settlement.  You have been identified as a Class Member of the Class as defined below:

> All current and former employees of D.A. Davidson and all applicants for employment on who D.A. Davidson requested a consumer report in the period between February 24, 2013 through July 29, 2016.

### 2. What is the Case About?

On February 24, 2016, a class action complaint was filed against D.A. Davidson in the United States District Court, Central District of California, Case No. 5:16-cv-00332 (SJO) DTB (hereinafter referred to as the "Action"). The named Plaintiff in this case is Michael Monaco ("Plaintiff").  Plaintiff alleges that D.A. Davidson used an allegedly defective disclosure and authorization in conjunction with obtaining a consumer report(s) on applicants and employees for employment purposes.

D.A. Davidson denies any liability or wrongdoing of any kind associated with the claims alleged in the Action. D.A. Davidson contends, among other things, that it complied at all times with the Fair Credit Reporting Act, California's Consumer Credit Reporting Agencies Act, California's Investigative Consumer Reporting Act, California's Business and Professions Code.

### 3. Background of Settlement.

Plaintiff and his counsel believe that the claims asserted in the Action have merit.  However, Plaintiff's counsel recognizes the expense, length and uncertainty of continued litigation.  Although D.A. Davidson denies that it committed any wrongdoing, D.A. Davidson believes that further litigation would be protracted, expensive, and contrary to its best interests.  Thus, the parties entered into settlement negotiations which resulted in the settlement.  The Court has determined on a preliminary basis that the settlement is fair, reasonable, and adequate and in the best interests of the Class.  The Court file contains the settlement documents that provide more information about the Action and the settlement.

### 4.  *Why Did D.A. Davidson Agree To This Settlement?*

D.A. Davidson has denied, and continues to deny, the factual and legal allegations in the Action and believes that it has multiple valid defenses to Plaintiff's claims.  By agreeing to settle, D.A. Davidson is not admitting that it has any liability on any of the factual allegations or claims in the Action or that the Action can or should proceed as a class action.  D.A. Davidson has agreed to settle the Action as part of a compromise with Plaintiff.  If for any reason the settlement fails, D.A. Davidson reserves the right to contest all factual and legal allegations in the Action.

### 5.  *The Proposed Settlement.*

Without admitting any wrongdoing and to avoid litigating these claims, D.A. Davidson has agreed to pay a total of One Hundred and Forty-Five Thousand Dollars ($145,000) ("Maximum Gross Settlement Amount") to settle this Action.  The Maximum Gross Settlement Amount includes the costs of administering this settlement, currently estimated to be approximately Twelve Thousand and Five Hundred Dollars ($12,500).  Out of the Maximum Gross Settlement Amount, the Plaintiff Monaco will ask for a Service Payment for his services as a Class Representative in the following amount: $5,000.  The lawyers for the class, called Class Counsel, will ask for $48,000 for attorney fees and costs (which shall include any costs associating with administering this settlement).  The Court may approve these payments or a smaller amount.  The money remaining, estimated to be approximately $79,500 (the "Settlement Payment Allocation") will be available for distribution to Class Members.

The Settlement Payment Amount for each participating Class Member will be calculated by dividing the Settlement Payment Allocation by the number of participating Class Members.  The total of all Individual Settlement Allocations shall equal and must not exceed the Settlement Payment Allocation.

**D.A. Davidson's records show you as a member of the plaintiff class in the above-entitled class action.**

### 6.  *What Do I Need To Do To Collect Money?*

**To get money from the Settlement, you need not do anything.  If the Court grants final approval of the settlement, your settlement funds will be mailed to you without further action required by you.**

### 7.  *What Happens If I Do Nothing? What Am I Releasing?*

**If you do nothing, you will receive your settlement payment if and when the Court grants final approval.** You <u>**will be releasing**</u> all claims you may have related to the allegations in the Action and as described in the Agreement.

The claims that will be released are defined as follows:

Any and all claims, debts, penalties, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, actions or causes of action of whatever kind or nature, whether known or unknown, that were alleged or that reasonably arise out of the facts alleged in the Lawsuit during the Class Period, including claims related to alleged or potential violations of the federal Fair Credit Reporting Act, California's Consumer Credit Reporting Agencies Act, California's Investigative Consumer Reporting Act, and, to the extent based on the foregoing statutes, California's Business and Professions Code section 17200 et seq.

### 8.  What Do I Need To Do If I Want To Request Exclusion From the Settlement?

You may request to be excluded from the Settlement.  **Class Members who request to be excluded from the Settlement will NOT receive any money <u>nor will they have released their claims</u>.**  To request to be excluded from the Settlement, you <u>must</u> prepare and submit a written request with your name and address.  The request must state: "I want to be excluded from the settlement in the Monaco v. D.A. Davidson Class Action Case."  The request must be signed by you and mailed to the Claims Administrator postmarked on or before _____, 2016.  If you request to be excluded from the Settlement, you cannot submit objections as described in the next section.

### 9.  What Must I Do if I Want To Object To the Settlement?

Any Settlement Class Member may object to the Settlement, or to any settlement term. You can't ask the Court to order a larger settlement; the Court can only approve or deny the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

Settlement Class Members must object in writing and may do so on their own or through their own attorney. All written objections, supporting papers and/or notices to the Court of your intent to appear at the final fairness hearing must: (a) clearly identify the case name and number; (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Central District of California, 312 N Spring St, Los Angeles, CA 90012 or by filing them in person at any location of the United States District Court for the Central District of California, (c) be mailed to the law firms identified below in Section 10; and (d) be filed or postmarked on or before _____, 2016.

### 10.  Who are the Attorneys and the Claims Administrator?

<u>**Attorneys for Plaintiff and the Class are:**</u>
Kyyann C. Kalin, Esq.
STUTHEIT KALIN LLC
308 SW First Avenue, Suite 325
Portland, OR 97204

<u>**Attorneys for D.A. Davidson are:**</u>
Benjamin A. Emmert, Esq.
LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street, 15th Floor
San Jose, CA  9511

<u>**The Claims Administrator is Gilardi & Co., LLC:**</u>
D.A. Davidson Companies
C/O _____
TO BE ADDED
XXX, California XXXXX
Phone: (___) ___-____

### 11.  Notice of Hearing on Final Approval.

A Final Fairness Hearing will be held on _____, 2016, at _____ ___.m. in Courtroom ___, of the United States District Court, Central District of California, located at 312 N Spring St, Los Angeles, CA 90012, to determine whether the proposed Settlement is fair, reasonable, and adequate.  You do not need to appear at this hearing.  The hearing may be continued without further notice.

## 12. *Examination of Papers and Inquiries.*

This Notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the settlement agreement available by contacting class counsel at the address or telephone number provided in Section 10, by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court, Central District of California, 312 N Spring St, Los Angeles, CA 90012, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT.