UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

| | |
|---|---|
| **CASE NO.:** <u>CV 16-00332 SJO (DTBx)</u> | **DATE:** <u>October 13, 2016</u> |
| **TITLE:** <u>Michael Monaco v. D.A. Davidson Companies</u> | |

================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz
Courtroom Clerk

Not Present
Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**

Not Present

**COUNSEL PRESENT FOR DEFENDANTS:**

Not Present

================================================================

**PROCEEDINGS (in chambers): ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** [Docket No. 27]

This matter is before the Court on Plaintiff Michael Monaco's ("Plaintiff" or "Monaco"), individually and on behalf of all other similarly situated, Motion for Preliminary Approval of Class Action Settlement ("Motion"), filed September 20, 2016. Defendant D.A. Davidson Companies ("Defendant" or "D.A. Davidson") did not oppose the Motion. The Court found the matter suitable for disposition without oral argument and vacated the hearing set for October 17, 2016. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court **GRANTS** the Motion.

I.   FACTUAL AND PROCEDURAL BACKGROUND

   A.   Factual Background

Plaintiff alleges the following. In September 2015, Plaintiff applied for an IT Application Specialist position with Defendant. As part of his application, Plaintiff was provided with Defendant's "Authorization for Employer Access to Consumer Reports" ("Authorization") so that the company could run a background check on him. (Compl. ¶¶ 12-13, ECF No. 1; Mot. 3.) The Authorization contained four subheadings: "Disclosure," "Authorization," "Release," and "Acknowledgment of Receipt of Summary of Rights." (Compl. ¶ 14.) Plaintiff signed the Authorization and on October 14, 2016, Defendant sent Plaintiff a pre-adverse action letter which included a "Summary of Rights" that was at least 10 years old, as evidenced by the fact that the form referenced September 2005 as a date in the future. (Compl. ¶ 16.) On October 21, 2015, Defendant sent Plaintiff a letter stating that it had ceased its consideration of him as a candidate and that the decision was based, in part, on information found in his credit report. (Compl. ¶ 17.)

///
///
///

   B.   Procedural History

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

CASE NO.: **CV 16-00332 SJO (DTBx)**      DATE: **October 13, 2016**

On February 24, 2016, Plaintiff filed a class action complaint against Defendant, alleging that the Authorization used by Defendant (1) included extraneous information and (2) excluded required information in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*; the California Consumer Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785.1 *et seq.*; the California Investigative Consumer Reporting Agencies Act ("ICRAA"), Cal Civ. Code § 1786 *et seq.*; and Washington's Fair Credit Reporting Act ("WFCRA") Chapter 19.182 Rev. Code WA; as well as California unfair practices law under California Business and Professions Code § 17200 *et seq.* (Compl. ¶ 1.) Plaintiff sought relief for himself and other similarly situated persons.

D.A. Davidson answered on April 4, 2016, and discovery commenced in April. (*See* Answer, ECF No. 12.) On September 2, 2016, Plaintiff filed Notice of Settlement pursuant to L.R. 16-15. (*See* Notice of Settlement, ECF No. 21.)

    C.    <u>The Instant Motion and Proposed Settlement</u>

On September 20, 2016, Plaintiff filed the instant Motion for preliminary approval of the parties' proposed Settlement. The Motion also seeks conditional certification of the proposed Settlement Class.

On July 29, 2016, the parties began private mediation under the direction of Martin Quinn, Esq. of JAMS. (Mot. 5.) At the mediation, with the assistance of Mr. Quinn, the parties were able to reach an agreement on all material terms of the Settlement. (Mot. 5.) The proposed Settlement Agreement and Release defines the proposed Settlement Class as follows:

> All current and former employees of D.A. Davidson and all applicants for employment for whom D.A. Davidson requested a consumer report during the Class Period from February 24, 2013 through July 29, 2016.

(Decl. of Kyann C. Kalin in Supp. of Mot. for Prelim. Approval of Class Action Settlement ("Kalin Decl.") Ex. B, Joint Stipulation of Settlement and Release ("Settlement Agreement") ¶¶ 19-20, ECF No. 29.) With respect to the creation of a settlement fund and its distribution, the Settlement would: (1) oblige Defendant to pay $145,000.00 ("Maximum Settlement Amount") into the fund; (2) provide an award of up to $100.00 to each class member, pro-rata based on the number of participating class members ("Individual Settlement Amount"), and to be distributed as a check; (3) provide for attorney's fees not to exceed 33.3% of the Maximum Settlement Amount, plus reasonable expenses, to be paid from and not in addition to the Maximum Settlement Amount and $5,000 in incentive payments to Monaco; and (4) distribute any amounts remaining in the settlement fund on a *cy pres* basis to the United Way of Montana, subject to approval by the Court. (Settlement Agreement ¶¶ 23-50.) The $145,000.00 Maximum Settlement Amount includes all amounts representing: payments to class members, attorney's fees, service fees to the Class Representative, litigation costs, administration, costs, penalties, interest, and any other

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

**CASE NO.:** <u>CV 16-00332 SJO (DTBx)</u>          **DATE:** <u>October 13, 2016</u>

general, special and/or compensatory damages and/or penalties that have been or could have been brought by the class members. (Settlement Agreement ¶ 34.)

The proposed Settlement is to be administered by Gilardi & Co., LLC ("Gilardi"), or such other claims administrator as may be mutually acceptable to the parties and the Court. (Settlement Agreement ¶ 23.) With respect to notice, the Settlement would require Gilardi to mail a Court-approved Notice of Class Action Settlement to all Settlement Class Members via first-class U.S. Mail within twenty-one (21) days after the Court issues an order preliminarily approving the Settlement (Settlement Agreement ¶ 27; Mot. 7.) The Settlement would also provide a mechanism for Class Members to opt-out of and object to its terms. (Settlement Agreement ¶ 28.) Finally, the Settlement contains a broad waiver provision whereby Settlement Class Members would release Defendant from liability for all "known or unknown" claims "that were alleged or that reasonably arise out of the facts alleged in the Lawsuit during the Class Period, including claims related to alleged or potential violations of the FCRA, the CCRAA, the ICRAA, and, to the extent based on the foregoing statutes, California's Business and Professions Code section 17200 et. seq." (Settlement Agreement ¶ 48.)

II.     <u>DISCUSSION</u>

Rule 23(e) provides that "[t]he claims, issues, or defenses of a . . . class may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e). "Approval under [Rule] 23(e) involves a two-step process in which the Court first determines whether a proposed class action settlement deserves preliminary approval and then, after notice is given to class members, whether final approval is warranted." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.,* 221 F.R.D. 523, 525 (C.D. Cal. 2004). The Ninth Circuit has held that there is a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *Class Plaintiffs v. City of Seattle,* 955 F.2d 1268, 1276 (9th Cir. 1992) (citations omitted); *see also Van Bronkhorst v. Safeco Corp.,* 529 F.2d 943, 950 (9th Cir. 1976) (stating that "there is an overriding public interest in settling and quieting litigation," and this "is particularly true in class action suits") (footnote omitted). The Court must evaluate the adequacy of the proposed settlement agreement in light of Rule 23(e). *See id.* "Although Rule 23(e) is silent respecting the standard by which a proposed settlement is to be evaluated, the 'universally applied standard is whether the settlement is fundamentally fair, adequate and reasonable.'" *Class Plaintiffs,* 955 F.2d at 1276 (quoting *Officers for Justice v. Civil Serv. Comm'n,* 688 F.2d 615, 625 (9th Cir. 1982), cert. denied, 459 U.S. 1217 (1983)).

Because the purpose of this Order is to adjudicate Plaintiff's Motion for Preliminary Approval of Class Action Settlement, "the court will only determine whether a proposed class action settlement deserves preliminary approval and lay the ground work for a future fairness hearing." *Alberto v. GMRI, Inc.,* 252 F.R.D. 652, 659 (E.D. Cal. 2008) (quoting *DIRECTV,* 221 F.R.D. at 525) (internal quotation marks and original formatting omitted). At this stage, the Court may grant preliminary

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority  \_\_\_\_\_
Send      \_\_\_\_\_
Enter     \_\_\_\_\_
Closed    \_\_\_\_\_
JS-5/JS-6 \_\_\_\_\_
Scan Only \_\_\_\_\_

**CASE NO.:**   <u>CV 16-00332 SJO (DTBx)</u>          **DATE:** <u>October 13, 2016</u>

approval of a settlement if it:  "(1) appears to be the product of serious, informed, non-collusive negotiations; (2) has no obvious deficiencies; (3) does not improperly grant preferential treatment to class representatives or segments of the class; and (4) falls within the range of possible approval." *Spann v. J.C. Penney Corp.*, 314 F.R.D. 312, 319 (C.D. Cal. 2016) (citations omitted). "At the fairness hearing, after notice is given to putative class members, the court will entertain any of their objections to (1) the treatment of this litigation as a class action and/or (2) the terms of the settlement." *Alberto,* 252 F.R.D. at 659 (citation omitted).  "Following the fairness hearing, the court will make a final determination as to whether the parties should be allowed to settle the class action pursuant to the terms agreed upon." *Id.* (citing *DIRECTV, Inc.*, 221 F.R.D. at 525). Overall, "[t]he initial decision to approve or reject a settlement proposal is committed to the sound discretion of the trial judge." *Officers for Justice*, 688 F.2d at 625.  The Court turns to the propriety of certifying the proposed Settlement Class and the fairness of the Settlement Agreement.

      A.      Certification of the Proposed Settlement Class

As indicated above, "[i]n order to approve a class action settlement, a district court must first make a finding that a class can be certified." *Vasquez v. Coast Valley Roofing, Inc.,* 266 F.R.D. 482, 485-86 (E.D. Cal. 2010) (citing *Molski v. Gleich*, 318 F.3d 937, 943, 946-50 (9th Cir. 2003), *overruled on other grounds by Dukes v. Wal-Mart Stores, Inc.,* 603 F.3d 571, 617 (9th Cir. 2010)). *see also Ortiz v. Fiberboard Corp.*, 527 U.S. 815, 848-49 (1999) ("When a district court, as here, certifies for class action settlement only, the moment of certification requires heightened attention to the justifications for binding the class members") (citation omitted).  "In the settlement context, the court must pay 'undiluted, even heightened, attention' to class certification requirements because the court will not have the opportunity to adjust the class based on information revealed at trial." *Ma v. Covidien Holding, Inc.*, No. SACV 12-02161-DOC (RNBx), 2014 WL 360196, at *1 (C.D. Cal. Jan. 31, 2014) (quoting *Staton v. Boeing Co.*, 327 F.3d 938, 952-53 (9th Cir. 2003)).  "A class action will only be certified if it meets the four prerequisites identified in [Rule] 23(a) and additionally fits within one of the three subdivisions of [Rule] 23(b)." *Alberto,* 252 F.R.D. at 659; *accord, Vasquez,* 266 F.R.D. at 486.

           1.      Rule 23(a)

For certification of the proposed Settlement Class to be warranted under Rule 23(a), Plaintiff must show the following prerequisites:

> (1) [T]he class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority \_\_\_\_\_
Send \_\_\_\_\_
Enter \_\_\_\_\_
Closed \_\_\_\_\_
JS-5/JS-6 \_\_\_\_\_
Scan Only \_\_\_\_\_

CASE NO.:   CV 16-00332 SJO (DTBx)           DATE: **October 13, 2016**

Fed. R. Civ. P. 23(a).  "These requirements are more commonly referred to as numerosity, commonality, typicality, and adequacy of representation, respectively." *Alberto,* 252 F.R.D. at 659 (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)).  "Parties seeking to maintain a suit as a class action must make a prima facie showing that each of these four requirements is met, and must demonstrate that appropriate grounds for pursuing a class recovery exist." *Weeks v. Kellogg Co.*, No. CV 09-08102 (MMM)(RZx), 2013 WL 6531177, at *5 (C.D. Cal. Nov. 23, 2013) (citing *Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975)).  "Failure to satisfy any one of the Rule 23 requirements precludes certification of the class." *Id.* (citing *Rutledge v. Elec. Hose & Rubber Co.*, 511 F.2d 668, 673 (9th Cir. 1975)).

The Court now examines the individual requirements of Rule 23.

      a.    <u>Numerosity</u>

The numerosity requirement is met where the party seeking certification shows the class is "so numerous that joinder of all members is impracticable."  Fed. R. Civ. P. 23(a)(1).  "No exact numerical cut-off is required; rather, the specific facts of each case must be considered." *In re Cooper Cos. Inc. Sec. Litig.,* 254 F.R.D. 628, 634 (C.D. Cal. 2009) (citing *Gen. Tel. Co. of Nw., Inc.*, 446 U.S. 318, 330 (1980)).  "A proposed class of at least forty members presumptively satisfies the numerosity requirement." *Tait v. BSH Home Appliances Corp.*, 289 F.R.D. 466, 473 (C.D. Cal. 2012) (citation omitted).

The estimated number of Settlement Class Members is 1,470.  (Mot. 19) (representing the number of applicants to and employees of D.A. Davidson, who executed the Authorization from February 24, 2013 to the date preliminary approval is granted).  At this preliminary approval stage, the Court is convinced that the numerosity requirement is satisfied.

      b.    <u>Commonality</u>

Rule 23(a)(2) requires questions of law or fact to be "common to the class."  Fed. R. Civ. P. 23(a)(2).  To show commonality, the plaintiff must "demonstrate that the class members have suffered the same injury." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (citation and internal quotation marks omitted).  That is, class-wide claims "must depend upon a common contention . . . of such a nature that . . . determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.*; *accord Abdullah v. U.S. Sec. Assocs., Inc.*, 731 F.3d 952, 957 (9th Cir. 2013) (common answers generated must be "apt to drive the resolution" of class claims).

Here, each class member executed an Authorization disclosing Defendant's intent to obtain a consumer report on a current or prospective employee that also contained a release of liability for

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

| | |
|---|---|
| **CASE NO.:** <u>CV 16-00332 SJO (DTBx)</u> | **DATE:** <u>October 13, 2016</u> |

Defendant. Thus, there is a common question of fact concerning whether Defendant willfully violated the law by using the Authorization. Thus, the commonality prerequisite is satisfied.

        c.       <u>Typicality</u>

To satisfy the typicality criterion, the moving party must show that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon*, 976 F.2d at 508. This requirement "focuses on the relationship of facts and issues between the class and its representatives," *Tijero v. Aaron Bros., Inc.,* 301 F.R.D. 314, 321 (N.D. Cal. 2013), in order to "assure that the interest of the named representative aligns with the interests of the class." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992).

Plaintiff is a typical member of the proposed Settlement Class–like the other Class Members, he signed the alleged unlawful Authorization. (*See* Mot. 20.) The typicality prerequisite is therefore satisfied.

        d.       <u>Adequacy</u>

Finally, Rule 23(a) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The proper resolution of this issue requires that two questions be addressed: (a) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (b) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 462 (9th Cir. 2000) (citing *Hanlon*, 150 F.3d at 1020); *see Wehner,* 117 F.R.D. at 644.

Plaintiff is an adequate representative of the proposed settlement class because he has been sufficiently engaged in the litigation–having retained qualified and competent counsel with extensive experience litigating class actions–and is not adverse to the interests of the Class Members. (Mot. 21.) There is no evidence that Plaintiff or Class Counsel have any conflicts of interest with the Settlement Class Members, in light of the fact that they allegedly suffered the same injury caused by D.A. Davidson. Finally, D.A. Davidson does not dispute that Class Counsel is qualified and competent. (Mot. 21.) Thus, the adequacy prerequisite is met.

Since all four prerequisites of Rule 23(a) are satisfied, the Court now turns to whether the proposed Settlement Class meets at least one of the three subdivisions of Rule 23(b).

///
///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority  \_\_\_\_
Send      \_\_\_\_
Enter     \_\_\_\_
Closed    \_\_\_\_
JS-5/JS-6 \_\_\_\_
Scan Only \_\_\_\_

**CASE NO.:** **CV 16-00332 SJO (DTBx)**          **DATE:** **October 13, 2016**

///

    2.    <u>Rule 23(b)</u>

"An action that meets all the prerequisites of Rule 23(a) may be maintained as a class action only if it also meets the requirements of one of the three subdivisions of Rule 23(b)." *Alberto,* 252 F.R.D. at 663 (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 163 (1974)); *see also Franco v. Ruiz Food Prods., Inc.,* No. CV 10-02354 SKO, 2012 WL 5941801, at *7 (E.D. Cal. Nov. 27, 2012). Because the parties have focused on Rule 23(b)(3), and only one subdivision is required, the Court discusses Rule 23(b)(3) below.

        a.    <u>Rule 23(b)(3)</u>

Rule 23(b)(3), which applies to class actions seeking monetary damages, *see Ellis v. Costco Wholesale Corp.,* 657 F.3d 970, 986 (9th Cir. 2011), requires that the Court "find[ ] that [(1)] the questions of law or fact common to class members predominate over any questions affecting only individual members, and that [(2)] a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). "Courts refer to the requirements of Rule 23(b)(3) as its 'predominance' and 'superiority' requirements." *Franco,* 2012 WL 5941801, at *8 (citing *Amchem*, 521 U.S. at 615).

            i.    <u>Predominance</u>

"Common issues predominate over individual issues when the common issues represent a significant aspect of the case and they can be resolved for all members of the class in a single adjudication." *Edwards v. First American Corp.*, 798 F.3d 1172, 1182 (9th Cir. 2015); *see Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 623 (1997) (asking whether proposed class is "sufficiently cohesive to warrant adjudication by representation"). This requirement is met here, where the common issue is simply whether the individual Class Members signed the alleged unlawful Authorization.

            ii.    <u>Superiority</u>

Finally, the superiority inquiry requires a "comparative evaluation of alternative mechanisms of dispute resolution." *Hanlon,* 150 F.3d at 1023; *see Valentino v. Carter-Wallace, Inc.,* 97 F.3d 1227, 1234 (9th Cir. 1996) (citation omitted) (considering whether class-wide litigation "will reduce litigation costs and promote greater efficiency"). In deciding whether a class action would be the superior method for resolving the controversy, courts consider several factors, including:

    (A) [T]he class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority          _____
Send              _____
Enter             _____
Closed            _____
JS-5/JS-6         _____
Scan Only         _____

CASE NO.:   <u>CV 16-00332 SJO (DTBx)</u>            DATE: <u>October 13, 2016</u>

> undesirability of concentrating the litigation of the claims in the particular forum; and
> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).

The class action device appears to be the superior method for resolving this dispute. Several of these factors are irrelevant because the parties have agreed to pre-certification settlement. *See Alberto*, 252 F.R.D. at 664 (citation omitted). Namely, as to the fourth factor, "[c]onfronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, for the proposal is that there be no trial." *Amchem*, 521 at 620. As to the other factors, there is no evidence that Settlement class members have an interest in individually controlling the action, particularly in the absence of competing lawsuits (to the best of counsel's knowledge). *See Alberto*, 252 F.R.D. at 664. Finally, it is desirable to concentrate the litigation in this forum, where it is not likely that the individual class members would be incentivized to bring their own suit when the amount of penalties made available for FCRA violations range from $100 to $1,000. (*See* Mot. 22.) Accordingly, the superiority requirement is met.

In sum, the Court concludes that the proposed Settlement class satisfies the requirements for class certification. The Court now turns to the second step of preliminary approval–the fairness of the Agreement to the Settlement class.

    B.    <u>Fairness, Adequacy, and Reasonableness of the Settlement Agreement</u>

In assessing whether a class action settlement agreement is fair, adequate, and reasonable, courts look at several factors, including:

> [T]he strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Hanlon*, 150 F.3d at 1026 (citing *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993)). "Given that some of these factors cannot be fully assessed until the court conducts its fairness hearing, a full fairness analysis is unnecessary at th[e preliminary approval] stage." *Alberto*, 252 F.R.D. at 665 (citation and internal quotation marks omitted). Further, "where the court is '[c]onfronted with a request for settlement-only class certification,' the court must look to the factors 'designed to protect absentees.'" *Molski*, 318 F.3d at 953 (citing *Amchem*, 521 U.S.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority  _____
Send      _____
Enter     _____
Closed    _____
JS-5/JS-6 _____
Scan Only _____

**CASE NO.:** <u>CV 16-00332 SJO (DTBx)</u>     **DATE:** <u>October 13, 2016</u>

at 620). "Settlements that take place prior to formal class certification require a higher standard of fairness." *In re Mego*, 213 F.3d at 458 (citing *Hanlon*, 150 F.3d at 1026).

    1.    <u>Terms of the Settlement Agreement</u>

"Having determined that class treatment appears to be warranted, the [C]ourt must now address whether the terms of the parties' settlement appear fair, adequate, and reasonable." *Alberto,* 252 F.R.D. at 664.

The "Class" means all current and former employees of D.A. Davidson and all applicants for employment for whom D.A. Davidson requested a consumer report during the Class Period. (Mot. 6; Settlement Agreement ¶ 20.) The Effective Date of the Agreement is the date on which this Order and judgment approving the Agreement is final–i.e., there is no further recourse by any appellant, objector or other individual or entity who seeks to contest the Settlement. (Agreement ¶ 21-22.) Unless otherwise defined herein, all terms used in this Order will have the same meaning as defined in the Settlement Agreement. The terms as defined in the Agreement control the Settlement, but for purposes of this Order, the terms are summarized as follows:

    (1)    <u>Settlement Consideration</u>

        a.    <u>Payments to Class Members</u>

        With respect to the Settlement Class, of which the exact number of members is estimated to be 1,470. (Mot. 19), settlement payments will be automatically made, the process of which is discussed in paragraph (2), *infra.* Following the Claim Administrator's deductions from the Maximum Settlement Amount of any and all Court-approved fees or costs or expenses, D.A. Davidson will pay a pro-rata share of Net Settlement Amount based on the number of participating Class Members up to a maximum amount of $100 per Class Member. (Settlement Agreement ¶ 39-43.)

        b.    <u>Claims Administrator's Fees and Expenses</u>

        D.A. Davidson will hire and pay all fees and expenses of the Claims Administrator, which is Gilardi & Co., LLC, or any other administrator agreed upon by the parties. *See* Section II.B.1.(7), *infra*.

        c.    <u>Plaintiff's Service Award</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: **CV 16-00332 SJO (DTBx)**          DATE: **October 13, 2016**

D.A. Davidson will not oppose Plaintiff's request for a service enhancement award ("Service Award") not to exceed $5,000.00. (Settlement Agreement ¶ 46.) If Plaintiff receives a service reward from the Settlement Amount, he shall execute a general release of all claims which shall survive the termination of the Agreement. (Settlement Agreement ¶ 50.)

    d.    <u>Class Counsel's Fees and Expenses</u>

D.A. Davidson will pay the lesser of $48,285.00 (representing 33 and 1/3 percent of the $145,000.00 Maximum Settlement Amount) or the total amount approved by the Court for Class Counsel's attorneys' fees, Rule 54 costs, and all other expenses incurred in connection with the action. Should the Court approve a lesser amount of attorneys' fees or expenses, the difference shall become part of the Net Settlement Amount. *See* Section II.B.1.(7), *infra*.

    e.    <u>Common Fund</u>

Within 14 days after final approval of the Settlement ("Settlement Effective Date"), D.A. Davidson shall deposit into a common fund $145,000.00 ("Maximum Settlement Amount") to cover: (1) pro-rata payments to the Settlement Class Members; (2) attorney's fees; (3) the proposed $5,000.00 Plaintiff's Service Award;(4) litigation costs; (5)administration costs; (6) penalties; (7) interest; and (8) any other general, special and/or compensatory damages and/or penalties that have been or could have been brought by the class members. that and all Class Counsel's fees, costs, and settlement administration costs. (Settlement Agreement ¶ 34-35, 37.) Any funds in the account, which are not otherwise paid shall be distributed to the United Way of Montana, or should the Court reject this organization, to an alternative nominee to be named by the Party who nominated the proposed non-profit charitable organization. (Settlement Agreement ¶ 45.)

(2)    <u>Claims Submittal and Review Process</u>

All Class Members are automatically entitled to recovery by virtue of their status as current or former employees of D.A. Davidson or applicants for employment for whom D.A. Davidson requested a consumer report during the Class Period. Within 14 calendar days of the Court's Preliminary Approval of the Settlement, D.A. Davidson will, to the extent it is

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

**CASE NO.:**  **CV 16-00332 SJO (DTBx)**          **DATE:** **October 13, 2016**

able, provide tot he Claims Administrator, the Class Members' names, last known addresses, telephone numbers, and social security numbers. (Settlement Agreement ¶ 26). After the Settlement Effective Date, the Claims Administrator will deduct from the Maximum Settlement Amount any and all Court-approved fees or costs or expenses, including, but not limited to, attorney's fees and expenses, claims administration expenses, and the Service Enhancement Award ("Net Settlement Amount"). (Settlement Agreement ¶ 39-40.) The Claims Administrator will mail to each Class Member a pro-rata share of the Net Settlement Amount based on the number of participating Class Members, up to a maximum amount of $100.00 per Class Member ("Individual Settlement Amount") (Settlement Agreement ¶ 41.)

(3)   Release of Claims

Upon final approval of the Settlement by the Court, the Settlement Class and each Class Member who has not submitted a written request to opt out of the Settlement, fully releases and discharges D.A. Davidson and the released parties from:

> any and all claims, debts, penalties, liabilities, demands, obligations, guarantees, costs, expenses, attorney's fees, damages, actions or causes of action of whatever kind or nature, whether known or unknown, that were alleged or that reasonably arise out of the facts alleged in the Lawsuit during the Class Period, including claims related to alleged or potential violations of the FCRA, the CCRAA, and the ICRAA, and to the extent based on the foregoing statutes, California's Business and Professions Code § 17200 et seq.

(Settlement Agreement ¶ 48.) The participating Class Members expressly acknowledge and agree that they have settled all claims against the Released Parties by and through the Settlement and shall not seek any new, different, further, or additional compensation directly or indirectly from D.A. Davidson regarding the matters alleged in the Lawsuit. This Release shall survive the termination of the Agreement. (Settlement Agreement ¶ 49.)

(4)   Approval of Settlement

Class Counsel shall promptly submit this Settlement Agreement to the Court in support of a motion for preliminary approval and for determination by the Court as to its fairness, adequacy, and reasonableness. Promptly upon execution of this Settlement, Class Counsel shall apply to the Court for an entry of an order substantially in the following form: (a) Scheduling a final approval hearing on the question of whether the proposed Settlement should be approved as fair,

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

**CASE NO.:** <u>CV 16-00332 SJO (DTBx)</u>         **DATE:** <u>October 13, 2016</u>

reasonable, and adequate as to the members of the Settlement Class; (b) Approving as to form and content the proposed Notice; (c) Directing the mailing of the Notice to the Class Members; (d) Preliminarily approving the Settlement subject only to the objections of Class Members and final review by the Court; and Preliminarily approving claims administration fees and expenses. (Settlement Agreement ¶ 17.)

(5)     <u>Notice to Class Members</u>

Within 14 days after the Preliminary Approval Date, D.A. Davidson will, to the extent it is able, provide to the Claims Administrator, the Class Members' names, last known addresses, telephone numbers, and social security numbers. Within 21 days after the Preliminary Approval Date, the Claims administrator shall mail a notice of the Settlement to the Class Members. The Notice shall state the anticipated amount of payment to each Class Member. A returned Notice will only be forwarded by the Claims Administrator once. If there is no forwarding address, the Claims Administrator shall perform a NCOA check and will skip-trace returned mail and re-mail within 5 business days; this search will be performed only once per Class Member by the Claims Administrator. (Settlement Agreement ¶ 27).

(6)     <u>Opt-Out Rights and Objections to the Settlement</u>

Settlement Class members who wish to opt out of the Settlement Class must submit a Request for Exclusion to the Claims Administrator, setting forth their name, address, telephone number, and signed statement indicating their desire to be excluded from the Settlement, postmarked within 45 days after the date of Notice mailing (the "Opt-Out Period").

Unless Class Members elect to opt-out of the Settlement as provided in the Settlement Agreement, they shall remain a member of the Settlement Class and be bound by all the terms of the Settlement and the Court's Final Class Action Settlement Approval Order. Class Members who are not on the list(s) provided to the Claims Administrator by Defendant's Counsel are not bound by the Settlement, unless they are subsequently provided a Notice by the Claims Administrator (and it is returned as non-deliverable) and the Claims Administrator has not received notice that the Class Member is requesting exclusion from the Settlement within 30 days from the postmarked date on the Notice.

Only Settlement Class members who do not timely submit a valid opt-out request may object to the Settlement by filing with the Court and serving on both counsel all written objections to the Settlement Agreement no later than 15 days before the date set for the Final Approval Hearing. If 10 percent or more of the Settlement Class members receiving

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: CV 16-00332 SJO (DTBx)       DATE: October 13, 2016

direct notice opt-out of the Settlement Class, D.A. Davidson shall have the right to terminate the Settlement. If D.A. Davidson elects to exercise its right to terminate the Settlement, D.A. Davidson shall notify the parties within 14 days of the end of the opt-out period. (Settlement Agreement ¶ 32.)

(7)     Class Counsel's Fees and Expenses; Plaintiff's Incentive Award

D.A. Davidson agrees to pay Class Counsel attorneys' fees in an amount approved by the Court not to exceed 33 and 1/3 percent of the Maximum Settlement Amount ($48,285.00), plus their reasonable expenses incurred in connection with the action, to be paid from and not in addition to the Maximum Settlement Amount. Should the Court approve a lesser amount of attorneys' fees or expenses, the difference shall become part of the Net Settlement Amount. (Settlement Agreement ¶ 47)

(8)     Additional Matters

This Settlement may not be changed, altered or modified, except in writing and signed by the Parties hereto, and approved by the Court. This Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the parties hereto. (Settlement Agreement ¶ 66.)

Nothing contained in the Settlement Agreement, or the consummation of the Settlement, shall be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendants or any of the other Released Parties. All parties hereto have entered into this Settlement solely with the intention to avoid further disputes and litigation with the attendant inconvenience and expense. (Settlement Agreement ¶ 60.)

The Class Representatives and Class Counsel may not make any public disclosure of the Settlement until after the Settlement is preliminarily approved by the Court. Following receipt of the Preliminary Approval Order of the Settlement, the Class Representatives and Class Counsel may not make any statements regarding this action but may only direct the media to the public records of the Action on file with the Court. However, Class Counsel may discuss this case or the terms of this Settlement with Class Members who contact Class Counsel directly, and with the Court as necessary to finalize the Settlement. (Settlement Agreement ¶ 54-55.)

   2.     Fairness, Adequacy, and Reasonableness

At the preliminary approval stage, there is "an initial presumption of fairness." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007). Thus at this stage, the Court "is only

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

**CASE NO.:** <u>CV 16-00332 SJO (DTBx)</u>     **DATE:** <u>October 13, 2016</u>

concerned with 'whether the proposed settlement discloses grounds to doubt its fairness or other obvious deficiencies such as unduly preferential treatment of class representatives or segments of the class, or excessive compensation of attorneys.'" *Alberto,* 252 F.R.D. at 666 (quoting *West*, 2006 WL 1652598, at *11); *In re Tableware*, 484 F. Supp. 2d at 1079 (considering, *inter alia*, whether proposed settlement "appears to be the product of serious, informed, non-collusive negotiations" and "falls within the range of possible approval"). To mitigate any further "inherent dangers of class settlements," the fairness inquiry focuses primarily on aspects that "directly lend themselves to pursuit of self-interest . . . namely attorneys' fees and the distribution of relief . . . among class members." *Alberto*, 252 F.R.D. at 667 (citation and internal quotation marks omitted).

Plaintiff asserts the following with regard to the fairness, adequacy, and reasonableness considerations. First, the Settlement is based on Class Counsel's own independent investigation and evaluation. Second, the Settlement is in the best interest of the Settlement Class in light of all known facts and circumstances, including the risk of significant delay, defenses asserted by D.A. Davidson and numerous potential appellate issues. (Settlement Agreement ¶ 15.)

   a. <u>Distribution of Relief</u>

Under the Agreement, Settlement Class members will each receive a pro-rata share of the Net Settlement Amount based on the number of participating Class Members, up to a maximum amount of $100.00 per Class Member . Based on the evidence presented, and the parties' and counsel's representations that the terms of the Agreement are fair, reasonable, and adequate; the distribution of relief also appears to be fair, reasonable, and adequate. (*See* Kalin Decl. ¶ 13.)

   b. <u>Notice to the Class Members</u>

Under Rule 23(e)(1): "The court must direct notice in a reasonable manner to all class members who would be bound by the proposal" before a settlement may be entered. Fed. R. Civ. P. 23(e)(1). Notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). The Court's role in reviewing a proposed settlement is to represent those class members who were not parties to the settlement negotiations and agreement. *See S.F. NAACP v. S.F. Unified Sch. Dist.*, 59 F. Supp. 2d 1021, 1027 (N.D. Cal. 1999). "Although the Rule provides broad discretion to district courts with respect to the notice's form and content, it must satisfy the requirements of due process." *In re Baby Prods. Antitrust Litig.*, 708 F.3d 163, 180 (3d Cir. 2013) (citation omitted). Generally, the notice should contain sufficient information to enable class members to make informed decisions on whether they should take steps to protect their rights, including objecting to the settlement or, when relevant, opting out of the class. *See Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 962-63 (9th Cir. 2009).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

**CASE NO.:** CV 16-00332 SJO (DTBx)          **DATE:** October 13, 2016

Where a class is certified under Rule 23(b)(3) at the same time that a settlement is reached, as is the case here, notice must comport with Rule 23(e)'s settlement notice requirement and Rule 23(c)(2)(B)'s certification notice requirements (which require specific content). *See, e.g., In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 962 F. Supp. 450, 526 (D.N.J. 1997) (class notice was a combined notice informing class members both of existence of class action and substance of the proposed settlement). The Court concludes that notice comports with both Rule 23(e).and Rule 23(c)(2)(B).

Under the Agreement, each of the approximately 1,470 identified members of the Settlement Class will directly receive the Proposed Notice of Proposed Class Action Settlement ("Settlement Notice") by mail. First, under Rule 23(c)(2)(B), "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort," stated in plain and easily understood language. *See* Fed. R. Civ. P. 23(c)(2)(B). The Settlement Notice (Kalin Decl., Ex. C) meets the enumerated requirements of Rule 23(c)(2)(B): the nature of the action; the definition of the Settlement Class; class claims under FCRA, CCRAA, ICRAA, and California Business and Professions Code; that a member may appear through an attorney; that the Court will exclude any member who requests exclusion; the time and manner for requesting exclusion; and the binding effect of a class judgment on members. (Kalin Decl., Ex. C); Fed. R. Civ. P. 23(c)(2)(B). Second, the direct notice complies with Rule 23(e)'s requirement. It appears that all qualifying members of the Class have been identified for direct notice, based on their ascertainable status as applicants to or employees of D.A. Davidson who executed the Authorization from February 24, 2013 to the date preliminary approval is granted. (Mot. 19.) Therefore, notice to the Settlement Class in the form attached as Exhibit C, or in substantially identical form, is sufficient.

        c.     Attorneys' Fees

"In order for a settlement to be fair and adequate, 'a district court must carefully assess the reasonableness of a fee amount spelled out in a class action settlement agreement.'" *Alberto,* 252 F.R.D. at 667 (quoting *Staton*, 327 F.3d at 963). "The district court has discretion to use either the percentage-of-the-fund method or the [lodestar] method in calculating fee awards in common fund cases." *Alberto,* 252 F.R.D. at 667 (citing *In re Wash. Pub. Power Supply Sys. Sec. Litig*, 19 F.3d 1291, 1295 (9th Cir. 1994). The lodestar method "is appropriate in class actions brought under fee-shifting statutes (such as federal civil rights, securities, antitrust, copyright, and patent acts), where the relief sought—and obtained—is often primarily injunctive in nature and thus not easily monetized, but where the legislature has authorized the award of fees to ensure compensation for counsel undertaking socially beneficial litigation." *In re Bluetooth Headset Prods. Liability Litig.*, 654 F.3d 935, 941 (9th Cir. 2011) (citations omitted). Regardless, in the Ninth Circuit, "no presumption in favor of either the percentage or the lodestar method encumbers the district court's discretion to choose one or the other." *In re Wash. Pub. Power*, 19 F.3d at 1296. Instead, "when

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

CASE NO.:   CV 16-00332 SJO (DTBx)          DATE: October 13, 2016

determining attorneys' fees, the district court should be guided by the fundamental principle that fee awards out of common funds be reasonable under the circumstances." *Id.* (citation omitted).

Here, D.A. Davidson has agreed to pay Class Counsel the lesser of 33 and 1/3 percent of the Maximum Settlement Amount of $145,000.00 ($48,285.00) plus reasonable expenses, or the total amount approved by the Court.  This payment for Class Counsel attorneys' fees and expenses is to be made from the same fund as payments to Plaintiff and the individual Class Members.

        i.        Percentage Method

The Ninth Circuit has established "twenty-five percent of the recovery as a 'benchmark' for attorneys' fees calculations under the percentage-of-recovery approach." *Powers v. Eichen,* 229 F.3d 1249, 1256 (9th Cir. 2000) (citations omitted); *see also Franco,* 2012 WL 5941801, at *15 (citation omitted) ("The typical range of acceptable attorneys' fees in the Ninth Circuit is 20 percent to 33.3 percent of the total settlement value, with 25 percent considered a benchmark percentage.").

The total payout under the Agreement is $145,000.00.  Although payments to Settlement Class members is a pro-rata share of the Net Settlement Amount based on the number of participating Class Members, up to a maximum amount of $100.00 per Class Member, the response rate is unknown at this preliminary state.  Here, Class Counsel seeks 33.3 percent of the total settlement value, which would constitute $48,285.00.  Assuming, *arguendo*, that all 1,470 identified Class members consent to participate in the Settlement, and also assuming *arguendo* that the Court were to award Class Counsel 33.3 percent of the Maximum Settlement Amount, and Plaintiff's $5,000.00 Service Award, each Class member would receive approximately $62.39 under the percentage method.  The Court now turns to the lodestar method.

        ii.        Lodestar Method

At this stage, Plaintiff has not provided calculations for billed hours multiplied by current rates in order to assess the reasonableness of attorneys' fees under the lodestar method.

        d.        Plaintiff's Incentive Award

"[N]amed plaintiffs . . . are eligible for reasonable incentive payments," *Staton,* 327 F.3d at 977, and "[c]ourts routinely approve incentive awards to compensate named plaintiffs for the services they provide and the risks they incurred during the course of the class action litigation." *Ingram v. The Coca–Cola Co.*, 200 F.R.D. 685, 694 (N.D. Ga. 2001) (citation and quotation marks omitted). However, courts "must evaluate [incentive awards] individually to detect excessive payments to named class members that may indicate the agreement was reached through fraud or collusion." *Alberto,* 252 F.R.D. at 669 (quoting *Staton,* 327 F.3d at 975) (quotation marks

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

**CASE NO.:** <u>CV 16-00332 SJO (DTBx)</u>  **DATE:** <u>October 13, 2016</u>

omitted). Courts consider "the actions [P]laintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, the amount of time and effort [P]laintiff expended in pursuing the litigation[,] and [Plaintiff's] reasonable fears of [the challenged practice]." *See Staton,* 327 F.3d at 977 (quoting *Cook,* 142 F.3d at 1016).

Plaintiff proposes a $5,000.00 incentive award. There is an "explicit disparity" between the proposed incentive payment and the average recovery available to individual Class Members. *See Alberto*, 252 F.R.D. at 669. Under the terms of the Agreement, individual Class Members are entitled to a pro-rata share of the Net Settlement Amount based on the number of participating Class Members, up to a maximum amount of $100.00 per Class Member. As previously discussed, assuming *arguendo*, that all 1,470 identified Class Members consent to participate in the Settlement, and also assuming *arguendo* that the Court were to award Class Counsel 33.3 percent of the Maximum Settlement Amount, and Plaintiff's $5,000.00 Service Award, each Class Member would receive approximately $62.39, which is significantly less than $5,000.00. *See, e.g., Alberto*, 252 F.R.D. at 669 (finding an explicit disparity where each claimant would receive an average of $24.17 and the class representative would receive a $5,000.00 enhancement fee).

Prior to or at the final approval hearing, Plaintiff must "present evidence of [his] substantial efforts taken as class representative to justify the discrepancy between [his] award and those of the unnamed plaintiffs." *See Alberto*, 252 F.R.D. at 669-70 (citation omitted).

                e.      Funds Remaining in Common Fund After Claim Administration is Complete

Under the Agreement, any remaining funds in the Common Fund which are not otherwise paid, such as uncashed checks, shall be distributed to the United Way of Montana, or should the Court reject this organization, to an alternative nominee to be named by the Party who nominated the proposed non-profit charitable organization. (Settlement Agreement ¶ 45.) The Court is satisfied that any remaining funds shall not revert to the "putative wrongdoer," but rather to a well-recognized charitable organization.

        C.      Conclusion

First, as to the certification of the proposed Settlement Class, the Court preliminary finds that the Settlement Class satisfies the prerequisites of Rules 23(a) and 23(b)(3) because: (a) the proposed Settlement Class is ascertainable and so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law or fact common to the proposed Settlement Class; (c) certain claims of Plaintiff are typical of the claims of the members of the proposed Settlement Class; (d) Plaintiff and his counsel will fairly and adequately protect the interests of the proposed Settlement Class; (e) common questions of law or fact predominate over any questions affecting only individual members; and (f) a class action is superior to the other

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: **CV 16-00332 SJO (DTBx)**　　　DATE: **October 13, 2016**

available methods for an efficient resolution of this controversy. Accordingly, pursuant to Rule 23(b)(3), the Court certifies, for settlement purposes only, the following class: "All current and former employees of D.A. Davidson and all applicants for employment for whom D.A. Davidson requested a consumer report during the Class Period of February 24, 2013 to July 29, 2016."

Second, as to the fairness of the Settlement Agreement, the Court preliminary finds that the Agreement is fair, adequate, and reasonable to the Settlement Class because Plaintiff has demonstrated that the Agreement was reached: (1) through arm's length negotiations between Plaintiff and Defendant, as facilitated by an impartial mediator; and (2) with the assistance of Class Counsel experienced in class actions. *See Franco,* 2012 WL 5941801, at *10 (citation omitted); *In re Tableware,* 484 F. Supp. 2d at 1080-81. The parties appear to have accounted for the uncertainty surrounding Plaintiff's ability to prevail on each of his claims at trial, weighing three risks in particular: the risk of significant delay; certifying the Settlement Class; and defeating D.A. Davidson's defenses. (*See* Kalin Decl. ¶ 13.) However, as explained in Section II.B.2.c-d, *supra*, the Court's grant of preliminary approval is conditioned on the parties providing additional explanation regarding Class Counsel's lodestar calculations and Plaintiff's incentive award. Within these conditions, the Court **GRANTS** Plaintiff's Motion for Preliminary Approval of Class Action Settlement.

III.　RULING

For the foregoing reasons, the Court **GRANTS** the Motion.

IT IS SO ORDERED.