*Counsel listed on the following page.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| MICHAEL MONACO, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> D.A. DAVIDSON COMPANIES, <br><br> Defendant. | Case No.  5:16-cv-00332-SJO-DTB <br><br> **CLASS ACTION** <br><br> **NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE AWARD; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Complaint Filed: February 24, 2016 <br><br> Trial Date: March 28, 2017 <br><br> Date: January 30, 3017 <br> Time: 10:00 a.m. <br> Place: Courtroom 10C <br> Before:  Hon. S. James Otero |

MOTION FOR ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE AWARD; MEMO OF POINTS AND AUTHORITIES
Case No.  5:16-CV-00332-SJO-DTB

STUTHEIT KALIN LLC
Kyann C. Kalin (SBN 209030)
Kyann@stutheitkalin.com
308 SW First Avenue, Suite 325
Portland, OR 97204
Telephone: (971) 285-7578
Facsimile: (503) 715-5670

Attorneys for Plaintiff
MICHAEL MONACO, on behalf of himself
and all others similarly situated

HKM EMPLOYMENT ATTORNEYS LLP
Mamta Ahluwalia (SBN 245992)
mahluwalia@hkm.com
453 S. Spring Street, Suite 1008
Los Angeles, CA 90013
Telephone: 213-259-9950
Facsimile: 213-477-2391

Attorneys for Plaintiff
MICHAEL MONACO, on behalf of himself
and all others similarly situated

HKM EMPLOYMENT ATTORNEYS LLP
Donald W. Heyrich *(admitted pro hac vice)*
dheyrich@hkm.com
Rachel M. Emens *(admitted pro hac vice)*
remens@hkm.com
600 Stewart Street, Suite 901
Seattle, WA 98101
Telephone: 206-838-2504
Facsimile: 206-260-3055

Attorneys for Plaintiff
MICHAEL MONACO, on behalf of himself
and all others similarly situated

MOTION FOR ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE AWARD; MEMO OF POINTS AND AUTHORITIES
Case No. 5:16-CV-00332-SJO-DTB

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on Monday, January 30, 2017 at 10:00 a.m., in Courtroom 10C on the 10th floor of the above-captioned Court, located at 350 W. 1st Street, Los Angeles, California 90012, the Honorable S. James Otero presiding, Plaintiff Michael Monaco, on behalf of himself and all others similarly situated, will, and hereby does, motion for this Court to:

1. Award $48,285 in attorneys' fees;

2. Award $$7,723.45 in litigation costs and expenses;

3. Award a class representative award of $5,000 to Plaintiff Michael Monaco for his services on behalf of the Settlement Class. This Motion is unopposed by Defendant D.A. Davidson Companies.

This Motion is based upon: (1) this Notice of Motion and Motion; (2) the Memorandum of Points and Authorities in Support of the Motion for Attorneys' Fees, Costs, and a Class Representative Award; (3) the Declaration of Kyann C. Kalin; (4) the Declaration of Donald W. Heyrich the records, pleadings, and papers filed in this action; and such other documentary and oral evidence or argument as may be presented to the Court at or prior to the hearing of this Motion.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on December 22, 2016.

DATED: December 30, 2016.  **STUTHEIT KALIN LLC**

By: _____/s/Kyann C. Kalin_____

Kyann C. Kalin

Attorneys for Plaintiff
Michael Monaco, on behalf of himself
and all others similarly situated

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................. 1

II. FACTS AND PROCEDURE ............................................................................... 2

    A. Overview of the Litigation ........................................................................ 2

    B. Plaintiff's Investigation and Discovery ..................................................... 3

    C. The Parties' Arms'-Length Settlement Negotiations ................................. 3

    D. The Class Action Settlement Has Been Widely Accepted by the Class Members ............................................................................................... 3

III. ARGUMENT ........................................................................................................ 4

    A. The Court Should Grant Plaintiff's Request for Attorneys' Fees and Costs Because the Request is Fair and Appropriate. ........ 4

        1. The Request for 33.3% of the Fund is Reasonable Under Ninth Circuit and California District Court Precedent. ................................................................................... 4

        2. The Lodestar Cross-Check Affirms the Reasonableness of the Fee Request. .............................................................. 5

        3. Plaintiff's Expenses Should be Reimbursed. ......................... 7

    B. The Court Should Grant Plaintiff's Request for a Representative Plaintiff Award Because it is Reasonable. ............. 8

IV. CONCLUSION .................................................................................................. 12

# TABLE OF AUTHORITIES

**Cases**

*Aarons v. BMW of N. Am.*, No. 11-7667-PSG, 2014 WL 4090564
 (C.D. Cal. Apr. 29, 2014) ................................................................................ 8

*Aguayo v. Oldenkamp Trucking*, F04-6279 AWI LJO, 2006 WL
 3020943 (E.D. Cal. Oct. 17, 2006) ................................................................ 10

*Alberto v. GMRI, Inc.*, CIV 07-1895 WBS DAD, 2008 WL 4891201
 (E.D. Cal. Nov. 12, 2008) .............................................................................. 11

*Bond v. Ferguson Enters., Inc.*, 1:09-cv-1662 OWW MJS, 2011 WL
 2648879 (E.D. Cal. June 30, 2011) ................................................................. 6

*Cook v. Niedert*, 142 F.3d 1004 (7th Cir. 1998) ................................................... 11

*Faigman v. AT & T Mobility LLC,* C-06-04622-MHP, 2011 WL
 672648 (N.D. Cal. Feb. 16, 2011) ................................................................. 10

*Fernandez v. Home Depot, U.S.A., Inc.,* 8:13-cv-00648-DOC-RNB
 (C.D. Cal. Jan. 22, 2016) ............................................................................... 10

*Fernandez v. Victoria Secret Stores, LLC,* CV 06-04149 MMM
 SHX, 2008 WL 8150856 (C.D. Cal. July 21, 2008) ....................................... 6

*Grant v. Capital Mgmt. Servs., L.P.*, 10-CV-2471-WQH BGS, 2014
 WL 888665 (S.D. Cal. Mar. 5, 2014) ............................................................ 10

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) ...................................... 6

*In re Activision Sec. Litig.*, 723 F.Supp. 1373 (N.D. Cal. 1989) ........................... 6

*In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166 (S.D. Cal.
 2007) ............................................................................................................ 7, 9

*In re Media Vision Tech. Sec. Litig.*, 913 F. Supp. 1362 (N.D. Cal.
 1996) ................................................................................................................ 8

MOTION FOR ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE AWARD; MEMO OF POINTS AND AUTHORITIES - ii
Case No.  5:16-CV-00332-SJO-DTB

*In re Mego Fin. Corp. Sec. Litig.*, 213 F3d 454 (9th Cir. 2000) .................... 6, 10

*In re Omnivision Techs.*, 559 F. Supp. 2d 1036 (N.D. Cal. 2008) ....................... 6

*In re Rite Aid Corp. Secs. Litig.*, 396 F.3d 294 (3d Cir. 2005) ........................... 7

*In re Toys R Us-Delaware, Inc.--Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438 (C.D. Cal. 2014) ................................................................................................ 8, 10

*Klee v. Nissan N. Am., Inc.*, CV1208238AWTPJWX, 2015 WL 4538426 (C.D. Cal. July 7, 2015) .................................................. 7

*Moreno v. City of Sacramento*, 534 F.3d 1106 (9th Cir. 2008) ........................... 7

*Parkinson v. Hyundai Motor Am.,* 796 F.Supp.2d 1160 (C.D. Cal. 2010) .................................................................................................. 8

*Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268 (9th Cir. 1989) ................................................................................................... 5

*POM Wonderful, LLC v. Purely Juice, Inc.,* No. CV 07–2633, 2008 WL 4351842 (C.D. Cal. Sept. 22, 2008) ........................................... 8

*Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948 (9th Cir. 2009) .............................. 9

*Rodriguez*, ........................................................................................................ 9

*S.E.C. v. Sunwest Mgmt., Inc.*, 524 Fed. Appx. 365 (9th Cir. 2013) .................... 7

*Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301 (9th Cir. 1990) .................................................................................................. 5

*Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370 (9th Cir. 1993) ......................... 5

*Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294 (N.D. Cal. 1995) ................................................................................................... 10

**Other Authorities**

Theodore Eisenberg &Geoffrey P. Miller, *Incentive Awards to Class Action Plaintiffs: An Empirical Study*, 53 UCLA L. Rev. 1303, 1311 (2006) .............................................................................................. 9

## I.  INTRODUCTION

Plaintiff Michael Monaco brings this motion for attorneys' fees in the amount of $48,8285; costs of $7,723.45; and a Class Representative Award of $5,000.  This Motion follows a settlement reached between Plaintiff and Defendant D.A. Davidson Companies ("Defendant" or "D.A. Davidson") to resolve Plaintiff's claims that that D.A. Davidson violated federal and state laws regarding background checks, including the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*; the California Consumer Reporting Agencies Act ("CCRAA"), California Civil Code § 1785.1 *et seq.*; California Investigative Consumer Reporting Agencies Act ("ICRAA"), California Civil Code § 1786 *et seq.* as well as California unfair practices law under California Business and Professions Code § 17200 *et seq.*[1] Those class members who have not requested exclusion from the settlement will receive an automatic cash payment without having to submit a claim form. Rather than reverting back to Defendant, any uncashed or returned checks from distribution will go to a *cy pres* designee, United Way of Montana.

Because Plaintiff has obtained valuable relief for the Class, he now seeks an award of attorneys' fees that equates to 33.3% of the non-reversionary settlement fund of $145,000, along with his litigation costs. This award is fair and reasonable, and comports with California and Ninth Circuit decisions that award fees from 25 to 40 percent of a common fund.  Only seven Class Members (0.47%) have opted out, and none have objected. These low numbers, as well as other factors discussed below, support Plaintiff's request for an award of fees and costs.

---

[1] Plaintiff also brought an individual claim under the Washington Fair Credit Reporting Act, Wash. Rev. Code. § 19.182.020(c).

MOTION FOR ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE AWARD; MEMO OF POINTS AND AUTHORITIES - 1
Case No.  5:16-CV-00332-SJO-DTB

Plaintiff also requests $5,000 for his service as a Class Representative. The requested payment serves two purposes. First, it compensates Plaintiff for the countless hours he has invested in this case to make sure that justice is obtained for over 1,400 of his peers. Second, it compensates Plaintiff for the claims that he could have prosecuted on an individual basis.

For the reasons set forth below, Plaintiff respectfully asks this court to grant his request for attorneys' fees, costs, and Representative Plaintiff award.

## II. FACTS AND PROCEDURE

### A. Overview of the Litigation

Defendant, D.A. Davidson Companies ("D.A. Davidson"), is an investment services company that provides integrated brokerage, capital markets, asset and portfolio management, and trust and wealth management services and products.

In September 2015, Plaintiff Michael Monaco, a resident of Colton, California at the time, applied for an IT Application Specialist position with D.A. Davidson, and, as part of his application process, Mr. Monaco was provided with D.A. Davidson's "Authorization for Employer Access to Consumer Reports" ("Authorization") so that the company could run a background check on him. Plaintiff alleges that D.A. Davidson's authorization form contained technical violations of the FCRA, the California Credit Reporting Agencies Act ("CCRAA") and the California Investigative Consumer Reporting Agencies Act ("ICRRA"). (Dkt. 1.) Finally, Plaintiff alleged on an individual, rather than class-wide, basis that Defendant violated the Washington Fair Credit Reporting Act, Wash. Rev. Code. § 19.182.020(c), when it procured Plaintiff's consumer report although a credit report was not "substantially job related" to the IT position for which he applied.

## B. Plaintiff's Investigation and Discovery

Prior to filing of this action, Plaintiff thoroughly investigated his claims. Plaintiff also has conducted investigation and discovery after filing the action in order to prove up his claims and rebut D.A. Davidson's defenses. As part of the investigation, Plaintiff's counsel requested and reviewed documents produced by D.A. Davidson in order to determine the size of the class and the extent of the FCRA, CCRA and ICRAA violations. (*See* Declaration of Donald W. Heyrich In Support of Plaintiff's Motion for Attorneys' Fees and Costs ("Heyrich Fees Decl."), Ex. A.) Because this case largely turns on D.A. Davidson's legal defense that Settlement Class Members suffered no "actual injury" and that D.A. Davidson's noncompliance was purportedly not "willful" under the FCRA, Plaintiff's counsel reviewed and analyzed case law governing FCRA and analogous state law class actions, as well as articles and commentaries. *Id.* This analysis and investigation allowed Plaintiff's counsel to structure a settlement that provides benefits directly to the persons who were forced to sign allegedly defective forms.

## C. The Parties' Arms'-Length Settlement Negotiations

The proposed Settlement was reached after the parties engaged in a thorough analysis of the pertinent facts and law at issue and after a July 29, 2016, mediation in San Francisco conducted by the Martin Quinn of JAMS. (Heyrich Fees Decl. ¶6.)

## D. The Class Action Settlement Has Been Widely Accepted by the Class Members

Of the 1,480 notices mailed out, there have been no objections and less than 0.5 % of the class has opted-out. (Declaration of Beth Verdekal On Behalf of Claims Administrator Re Notice Procedure ("Verdekal Decl."), ¶¶8, 10.) These numbers show that all but a handful of Class Members support the settlement.

This suggests that the fairness of the settlement—and the attorneys' fees and costs—are acceptable to the Class.

### III. ARGUMENT

#### A. The Court Should Grant Plaintiff's Request for Attorneys' Fees and Costs Because the Request is Fair and Appropriate.

##### 1. The Request for 33.3% of the Fund is Reasonable Under Ninth Circuit and California District Court Precedent.

Plaintiff's attorneys' fee request is well within the range of reasonable requests. The typical range of acceptable attorneys' fees in class action cases in the Ninth Circuit is 20% to 33 1/3% of the total settlement value, with 25% being considered the "benchmark." *See Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993); *Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990); *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989). Moreover, California district courts frequently award, and the Ninth Circuit affirms, fees greater than the benchmark. *See, e.g., In re Mego Fin. Corp. Sec. Litig.*, 213 F3d 454,460 (9th Cir. 2000); *Bond v. Ferguson Enters., Inc.*, 1:09-cv-1662 OWW MJS, 2011 WL 2648879, *9-11 (E.D. Cal. June 30, 2011)("[T]he exact percentage varies depending on the facts of the case, and in 'most common fund cases, the award exceeds that benchmark.'") (citation omitted); *In re Activision Sec. Litig.*, 723 F.Supp. 1373, 1377-78 (N.D. Cal. 1989) (concluding that the best "practice is to set a percentage fee and that, absent extraordinary circumstances that suggest reasons to lower or increase the percentage, the rate should be set at 30%); *In re Omnivision Techs.*, 559 F. Supp. 2d 1036, 1047 (N.D. Cal. 2008) (same). Even a court's grant of 34% of the fund as attorneys' fees would be "supported by the fact that typical contingency fee agreements provide that class counsel will recover 33% if the case is resolved

before trial and 40% if the case is tried." *Fernandez v. Victoria Secret Stores, LLC,* CV 06-04149 MMM SHX, 2008 WL 8150856, at *16 n.59 (C.D. Cal. July 21, 2008).

Because Plaintiff's requested attorneys' fees, representing 33 1/3% of the entire settlement fund, is consistent with established Ninth Circuit and California district court precedents, the request should be granted.

### 2. The Lodestar Cross-Check Affirms the Reasonableness of the Fee Request.

A basic lodestar cross-check multiplies the number of hours counsel reasonably expended on the litigation by a reasonable hourly rate. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). "The lodestar figure is a presumptively reasonable amount of attorney's fees." *S.E.C. v. Sunwest Mgmt., Inc.*, 524 Fed. Appx. 365, 367 (9th Cir. 2013), *citing Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542 (2010). When the lodestar method is used as a cross-check, it need not be performed via an exhaustive review of each of counsel's hours. *See In re Rite Aid Corp. Secs. Litig.*, 396 F.3d 294, 306 (3d Cir. 2005) ("The lodestar cross-check calculation need entail neither mathematical precision nor bean-counting."); *In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1176 (S.D. Cal. 2007) ("Although counsel have not provided a detailed cataloging of hours spent, the Court finds the information provided to be sufficient for purposes of lodestar cross-check.").

Class Counsel and their affiliated attorneys and staff expended over 240 hours. (*See* Declaration of Kyann C. Kalin In Support of Plaintiff's Motion for Attorney's Fees and Costs ("Kalin Decl.") ¶2, Heyrich Fees Decl.,¶8, Ex. A.) These hours are reasonable if for no other reason than Class Counsel knew that it

MOTION FOR ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE AWARD; MEMO OF POINTS AND AUTHORITIES - 5
Case No. 5:16-CV-00332-SJO-DTB

was possible they would never be paid for their work. Thus, counsel had no incentive to act in a manner that was anything but economical. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) ("[L]awyers are not likely to spend unnecessary time on contingency cases in the hope of inflating their fees. The payoff is too uncertain, as to both the result and the amount of the fee."). That said, counsel took their responsibility seriously and endeavored to represent the interests of the class members to the greatest extent possible.

The attorney fee rates requested for approval range from $375 to $595 per hour. (*See* Kalin Decl. ¶2, Heyrich Fees Decl., ¶¶9-10). These rates are reasonable under southern California standards. *See Klee v. Nissan N. Am., Inc.*, CV1208238AWTPJWX, 2015 WL 4538426, at *13 (C.D. Cal. July 7, 2015), *aff'd* (Dec. 9, 2015) (approving rates ranging from $370 to $695); *Aarons v. BMW of N. Am.*, No. 11-7667-PSG, 2014 WL 4090564, at *16 (C.D. Cal. Apr. 29, 2014), *objections overruled,* CV 11-7667 PSG CWX, 2014 WL 4090512 (C.D. Cal. June 20, 2014) (approving rates ranging from $390-$775, based in part on "the Court's own experience with hourly rates in the Los Angeles area"); *In re Toys R Us-Delaware, Inc.--Fair & Accurate Credit Transactions Act (FACTA) Litig.,* 295 F.R.D. 438, 462-64 (C.D. Cal. 2014) (approving rates ranging from $220 to $600); *Parkinson v. Hyundai Motor Am.,* 796 F.Supp.2d 1160, 1172 (C.D. Cal. 2010) (approving rates ranging from $445 and $675); *POM Wonderful, LLC v. Purely Juice, Inc.,* No. CV 07–2633, 2008 WL 4351842, *4 (C.D. Cal. Sept. 22, 2008) (approving rates ranging from $275 to $750).

In addition, respected surveys of law firm hourly rates reflect rates higher than those requested by lead counsel in this case. For example, the Laffey Fee Matrix (now called the USAO Attorneys' Fee Matrix) is frequently relied upon by

MOTION FOR ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE AWARD; MEMO OF POINTS AND AUTHORITIES - 6
Case No. 5:16-CV-00332-SJO-DTB

district as well as California Superior Courts. *See e.g. Fernandez v. Victoria Secret Stores, LLC* (C.D. Cal. 2008) 2008 WL 8150856 *14-15; *Nemecek & Cole v. Horn* (2012) 208 Cal.App.4th 641, 651. This matrix is publically available and regularly updated study of average hourly billing rates. The 2015 to 2016 Matrix lists an hourly rate of $504 for an attorney with 16-20 years experience (like Ms. Kalin) and $530 for attorneys' with 20 years of experience (like Mr. Heyrich). (Kalin Decl., ¶5, Ex. B.)

The 2013 National Law Journal annual survey reports average partner billing rates of $550 for California based employment defense firm Littler Mendelson, and of $600 for Perkins Coie LLP, the law firm for which two of the Class Counsel in this case worked earlier in their careers. (Kalin Decl., ¶¶6, 7, Ex. C.; Heyrich Fees Decl.,¶2.) These rates have undoubtedly increased in the last three years. Based on this information, and the experience of the Class Counsel, the requested hourly rates are reasonable.

By multiplying the attorneys' reasonable hours worked by the reasonable hour rates provides the base lodestar attorney fee award of $91,613. (Kalin Decl. ¶¶ 2-3; Heyrich Fees Decl. ¶8.) However, class counsel is only seeking $48,285. Thus, Class Counsel's request is 48 percent less than the base lodestar which they may otherwise be able to recover. Thus, the lodestar cross-check substantiates the reasonableness of Plaintiffs' request for just under 33 1/3% of the Common Fund to be approved as compensation to Class Counsel for the attorney fees incurred to obtain the settlement which now benefits the class.

### 3. Plaintiff's Expenses Should be Reimbursed.

"Reasonable costs and expenses incurred by an attorney who creates or preserves a common fund are reimbursed proportionately by those class members

MOTION FOR ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE AWARD; MEMO OF POINTS AND AUTHORITIES - 7
Case No. 5:16-CV-00332-SJO-DTB

who benefit from the settlement." *In re Media Vision Tech. Sec. Litig.*, 913 F. Supp. 1362, 1366 (N.D. Cal. 1996), c*iting Mills v. Elec. Auto-Lite Co.*, 396 U.S. 375, 391-92 (1970). Class Counsel worked hard to bring this case to a successful resolution and the fees and costs payment provided for in the settlement is fair and reasonable. In advancing this lawsuit, Class Counsel incurred out-of-pocket costs to date totaling $7,723.45 (Kalin Decl., ¶10; Heyrich Fees Decl., ¶12, Ex. B.) These out-of-pocket costs were necessary to secure the resolution of this litigation. *See In re Immune Response Sec. Litig.*, 497 F. Supp. 2d at 1177-78 (finding that costs such as filing fees, photocopy costs, travel expenses, postage, telephone and fax costs, computerized legal research fees, and mediation expenses are relevant and necessary expenses in a class action litigation). In light of the expenses Class Counsel has had to incur to bring this case to its current settlement posture, Class Counsel's request for $7,723.45 in costs, is reasonable.

### B. The Court Should Grant Plaintiff's Request for a Representative Plaintiff Award Because it is Reasonable.

Representative Plaintiff awards, or incentive awards, are payments of money to class representatives that "are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general. Awards are generally sought after a settlement or verdict has been achieved." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009). These awards became "routine" about the turn of this century. *See* Theodore Eisenberg & Geoffrey P. Miller, *Incentive Awards to Class Action Plaintiffs: An Empirical Study*, 53 UCLA L. Rev. 1303, 1311 (2006) (a survey of

MOTION FOR ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE AWARD; MEMO OF POINTS AND AUTHORITIES - 8
Case No. 5:16-CV-00332-SJO-DTB

settled class actions between 1993 and 2002). Thus now, "[i]ncentive awards are fairly typical in class action cases." *Rodriguez*, 563 F.3d at 958.

Because incentive awards are so common, many courts in the Ninth Circuit use the *Van Vranken* test to determine whether a Class Representative award is fair and reasonable. Under this test, the court analyzes "(1) [the] risk to the class representative in commencing a class action, both financial and otherwise; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation; (5) the personal benefit, or lack thereof, enjoyed by the class representative as a result of the litigation" *Grant v. Capital Mgmt. Servs., L.P.*, 10-CV-2471-WQH BGS, 2014 WL 888665, at *7 (S.D. Cal. Mar. 5, 2014). Not all factors must be present; a Court instead may weigh the factors and award fees that are "just and reasonable under the circumstances." *See In re Toys "R" Us-Del.,* 295 F.R.D. at 472 (citing *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 300 (N.D. Cal. 1995)).

Here, the proposed award to Mr. Monaco of $5,000 is fair and consistent with the amount typically awarded in class actions. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d at 457, 463 (approving incentive awards of $5,000); *Faigman v. AT & T Mobility LLC,* C-06-04622-MHP, 2011 WL 672648, at *5 (N.D. Cal. Feb. 16, 2011) ("incentive payments of $5,000 are presumptively reasonable"); *Fernandez v. Home Depot, U.S.A., Inc.,* 8:13-cv-00648-DOC-RNB, Dkt. No. 58 (C.D. Cal. Jan. 22, 2016) (order granting pl.'s mot. for atty's fees, costs, and a class representative enhancement payment); *Aguayo v. Oldenkamp Trucking*, F04-6279 AWI LJO, 2006 WL 3020943, at *8 (E.D. Cal. Oct. 17, 2006) (preliminarily

approving a $5,000 class representative award in case where total settlement fund was $129,300).

Moreover, in the *Alberto* case cited by this Court, even though the *Alberto* court initially had concerns about the representative plaintiff's $5,000 representative award, it ultimately found the payment to be reasonable. *Alberto v. GMRI, Inc.*, CIV 07-1895 WBS DAD, 2008 WL 4891201, at *12 (E.D. Cal. Nov. 12, 2008). In that case, class members were to receive only $24.17 each, but the court decided that the $5,000 was "not particularly unfair to other class members, given that it [would] not significantly reduce the amount of settlement funds available to the rest of the class [and] none of the class members [] objected to the amount of additional compensation sought by the named plaintiff." *Id.* Additionally, plaintiff had spent 50 hours prosecuting her case. *Id.*

In this case, the class members will receive approximately two times the settlement value than the *Alberto* class members because estimated payments to class members are in the $45 range. Additionally, payment to Mr. Monaco will not significantly reduce the Class Members' payments. Even if Mr. Monaco were to receive no payment, the class member payments would increase only a few dollars. Further, no class members have objected to Mr. Monaco's additional compensation for his efforts to prosecute this case.

On a public policy note, courts also consider how approving incentive awards can encourage future class representatives to step forward to represent the interests of other classes. *See Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998) ("Because a named plaintiff is an essential ingredient of any class action, an incentive award is appropriate if it is necessary to induce an individual to participate in the suit."). Thus, an appropriate incentive award will encourage others

MOTION FOR ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE AWARD; MEMO OF POINTS AND AUTHORITIES - 10
Case No. 5:16-CV-00332-SJO-DTB

to step forward to help provide justice to classes of people who cannot obtain justice individually. Here, Plaintiff Michael Monaco stepped forward to advance the interests of the class. His representation of the class proved essential to obtaining the relief provided for the class in the settlement agreement. (Heyrich Fees Decl. ¶7.)

Here counsel for Mr. Monaco and the class spoke with him many times on the phone and exchanged dozens of emails with him sent him. Mr. Monaco was also sent and reviewed many of the documents in the case before they were exchanged with opposing counsel or submitted to the Court. Additionally, he participated by telephone for the mediation. (Heyrich Fees Decl., ¶7.)

Mr. Monaco also made sacrifices in this case that should not be overlooked. For instance, he had an individual claim under Washington State law that alone entitled him to actual damages (including back pay, front pay, and emotional distress damages), reasonable attorneys' fees and costs, and an additional monetary penalty of $1,000. However, Mr. Monaco was willing to forego his own personal interests in order to obtain a settlement for the entire class. Mr. Monaco should be granted a Class Representative Award for his efforts, the risks he assumed, and individual claims he relinquished in order make sure the rest of the Class Members would be compensated. He agreed to generally release *all* of the claims he did and could bring against Defendant. Absent an award for his services, he would recover no more than other Class Members despite his hard work and sacrifice in bringing and prosecuting this case. Therefore, Plaintiffs respectfully ask the Court to approve the Representative Plaintiff award for Mr. Monaco that is provided by the settlement agreement.

## IV. CONCLUSION

The Parties have negotiated a fair and reasonable settlement on behalf of Class Members. Accordingly, Plaintiffs request that this Court grant the Motion for Attorneys' Fees, Costs, and Class Representative Award.

DATED: December 30, 2106       **STUTHEIT KALIN LLC**

                               By: _____/s/Kyann C. Kalin_____
                                       Kyann C. Kalin
                               Attorneys for Plaintiff
                               Michael Monaco, on behalf of himself and
                               all others similarly situated